# PUBLIC VERSION OF DOCKET NO. 98

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Epic! Creations, Inc., *et al.*,[1] | ) | Case No. 24-11161 (JTD) |
| | ) | |
| Alleged Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline**: TBD |
| | ) | **Hearing Date**: TBD |

## PETITIONING CREDITORS' MOTION FOR DISCOVERY SANCTIONS

Pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 37 (as made applicable herein by Federal Rules of Bankruptcy Procedure 7026, 7030, 7034, and 7037), 11 U.S.C. § 105, Rule 7026-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's inherent powers, the Petitioning Creditors[2] seek entry of an order substantially in the form attached hereto as **Exhibit A** barring the Alleged Debtors from raising or disputing any issue of fact in connection with the pending *Motion for the Appointment of a Chapter 11 Trustee* (the "Trustee Motion") [D.I. 79] and the Court's consideration of the involuntary petitions, both of which are set for hearing on August 28, 2024.

## PRELIMINARY STATEMENT

1.     The Petitioning Creditors initiated these involuntary proceedings to preserve and maximize the value of the Alleged Debtors, which are in undeniable distress.  These filings came

---

[1]     The Alleged Debtors in these chapter 11 cases, along with the last four digits of each Alleged Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2]     The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the Credit Agreement (defined below) and (ii) certain lenders under the Credit Agreement (the "Petitioning Lender Creditors").

only after the Alleged Debtors' ultimate corporate parent, Think & Learn Pvt. Ltd. ("T&L"), and its directors, including Riju Ravindran and Byju Raveendran, siphoned hundreds of millions of dollars out of BYJU's Alpha, leaving the Alleged Debtors (all of whom are guarantors of that debt) on the hook for over $1.4 billion. For their part, the Alleged Debtors made no effort to fulfill their guarantees. Instead, their leadership cut off the Petitioning Creditors' contractually-guaranteed access to financial information and to conduct on-site books and records inspections. So the Petitioning Creditors undertook their own independent investigation, and what they learned is frightening: T&L and its governors had largely abandoned the businesses while moving millions of dollars to non-guarantors.

2.     As the Court is well aware from BYJU's Alpha's bankruptcy, T&L and its leadership have consistently flouted their discovery obligations, including the advice of their own counsel. Nothing has changed in these cases. *First*, the Alleged Debtors refused to produced documents. The Petitioning Creditors served targeted document requests upon the commencement of these cases, then *voluntarily* narrowed those requests in the interest of moving these proceedings forward. Moreover, under the Scheduling Order, outstanding document discovery had to be completed by August 12. Yet, in two months, the Alleged Debtors produced merely **one** document—an outdated financial documents as of March 31, 2023 for Epic. *Second*, Shaji Puthalath—the Alleged Debtors' sole director who, upon information and belief, resides in India— has refused to schedule his deposition, which was first requested on July 27, three days after his role was disclosed. In this critical respect, Puthalath is no different than his apparent relative Riju; and, much like Riju, it appears that Puthalath too is unfit to be a director.[3] *Third*, the Alleged

---

[3]     The Petitioning Creditors' ongoing investigation has revealed that Puthalath appears to be a close relative of Byju and Riju. All three men are from the same small village in Kerala, India, and their fathers share the same surname, Kunnaruvath, suggesting they are cousins. Their familiar relationship was seemingly confirmed by Puthalath's father's April 2018 comment on a Facebook post about Byju winning an award, which said: "What a proud

Debtors continue to refuse to disclose their corporate officers, frustrating the Petitioning Creditors efforts to identify other salient witnesses.[4]

3.  The Alleged Debtors' discovery misconduct yet again exemplifies the failure of leadership and the gross mismanagement of these businesses.  Above all else, this misconduct underscores the importance, and need for, these involuntary proceedings and a trustee.

4.  With trial two weeks away, the Alleged Debtors' refusal to engage in discovery must have consequences.  The time for discovery compliance has long since passed.  As it stands, there is not a single fact produced in discovery to support any argument in opposition to the Trustee Motion or the involuntary petitions more generally.  Accordingly, the Petitioning Creditors request that the Alleged Debtors be prohibited from raising or disputing any such issues of fact.

## FACTUAL BACKGROUND

5.  Concurrently with the commencement of these cases on June 5, 2024, the Petitioning Creditors served 26 focused documents requests on each Alleged Debtor.  *See* Exs. B-D.  Specifically, the Petitioning Creditors requested five general categories of documents, all of which were focused on the elements of Section 303 of the Bankruptcy Code, particularly:

- The Alleged Debtors' current operations, officers, and directors;
- The Alleged Debtors' current and projected financial position;
- The Alleged Debtors' debts;
- Formal and informal valuations of the Alleged Debtors' businesses; and
- The Alleged Debtors' guaranty obligations under the Credit Agreement.

---

moment for all our family."

The Petitioning Creditors' ongoing investigation has further revealed that Puthalath has no apparent experience in education technology, let alone as a director or senior executive.  He first joined T&L in 2019 as an "Operations Manager."  Before that, from 2006 to 2019, Puthalath worked as a service team lead with Paramount Leasing and Car Rental LLC, a car leasing company registered in Dubai.  And from 2003 to 2006, Puthalath worked as an officer assistant at Fancy Transports, a Dubai-based transport services provider.  In short, he appears to be nothing more than a figurehead director chosen for his familial loyalty.

[4]  Notably, the Petitioning Creditors' investigation has revealed that Riju Ravindran, a former director of the three Alleged Debtors, may presently serve as an officer for at least one of them.  If true, that is a highly-material fact to the gross mismanagement factor underpinning one of the grounds of the Petitioning Creditors' Trustee Motion, and the Petitioning Creditors intend to request Ravindran's deposition.

6.      The Petitioning Creditors served those requests on the Alleged Debtors' registered agent and also emailed copies to the Alleged Debtors' counsel of record in the BYJU's Alpha bankruptcy.  *See e.g., Epic Certificate of Service* [D.I. 32]; Ex. E at 1-2.

7.      On or about June 13, the Petitioning Creditors learned that the Alleged Debtors had engaged (new) counsel.  Less than a week later, on June 19, the Petitioning Creditors again raised the timing of document productions, noting that a case schedule will "need to work in deadlines for the RFPs we served concurrently with the filing of the involuntary petitions."  Ex. F at 2. Counsel for the Petitioning Creditors emphasized that many of the same requests had been sought of the same Alleged Debtors two months earlier, in April, as part of Rule 2004 discovery issued in BYJU's Alpha's bankruptcy case, yet *only three documents* had been produced in that case, in violation of the Court's Rule 2004 Order.[5]  *Id.* at 2-3  That context was relevant, because the Alleged Debtors' history of non-compliance "will inform our discussion on scheduling."  *Id.* at 3. In response, the Alleged Debtors' counsel requested "time to assess the strategy of how to deal with the involuntary petitions."  *Id.* at 1.

8.      So, the Petitioning Creditors looked to proceed cooperatively.  They gave the Alleged Debtors the requested time by, *inter alia*, prioritizing their most important requests and diligence questions, as the Alleged Debtors determined their path forward.  But no good deed goes unpunished.  With that time, the Alleged Debtors' principals made fraudulent transfers.  On July 5, 8, and 9, 2024, the Alleged Debtors made four fraudulent transfers totaling ███████.  *See*

---

[5]    On April 23, 2024, this Court ender the *Order Directing the Examination of the U.S. Loan Guarantors*, *In re BYJU's Alpha*, Case No. 24-10140 (D.I. 175) (the "Rule 2004 Order"), granting Rule 2004 discovery into Epic, Neuron Fuel, and Tangible Play in the BYJU's Alpha chapter 11 proceedings.  Rule 2004 Order ¶ 2.  The Rule 2004 Order directed the Alleged Debtors to produce responsive documents within 21 days of service of the Rule 2004 subpoena, and further to "participate in good faith meet and confers . . . concerning the requested discovery." *Id.* ¶¶ 2-3.  On May 15, 2024, the Alleged Debtors produced just three documents (financial statements as of 2022) in response to the Rule 2004 subpoena.  No other productions were ever made.

Trustee Motion ¶¶ 56-66 (describing the history of those fraudulent transfers, which only belatedly were "reversed").

9.      On July 10, 2024, the Petitioning Creditors circulated a list of their outstanding diligence requests.  Ex. G at 3-4.  In part to determine the names of potential witnesses and the caliber and qualification of the Alleged Debtors' management team, the Petitioning Creditors expressly requested a list of "all current directors and officers" of each Alleged Debtor.[6]  *Id.* at 4 (Request No. 1(a)).  The next day, on July 11, the Petitioning Creditors circulated a narrowed set of document requests related to their forthcoming Trustee Motion.  *Id.* at 1.  Of the 26 original document requests, the Petitioning Creditors narrowed them to just eight, and further narrowed the scope of eight of those requests.  *Id.*  The Petitioning Creditors requested that documents be produced starting "next week, with all productions complete by July 25, 2024."  *Id.*

10.     As noted, on July 25, 2024, the Petitioning Creditors filed their Trustee Motion. Two days later, the Petitioning Creditors recirculated their voluntarily-narrowed document requests related to the Trustee Motion and also voluntarily narrowed their document requests related to the involuntary petitions generally, focusing them on Alleged Debtors' *Answer to Involuntary Petitions* (the "Answer") [D.I. 72].  Ex. H at 2-3.  Among other topics, the Petitioning Creditors focused on (i) the identity of the Alleged Creditors' respective boards of directors; (ii) current secured and unsecured creditors; and (iii) financial information.  *Id.*  The Petitioning Creditors requested that documents productions be made on a rolling basis and completed by August 9, 2024.  *Id.* at 3.  Additionally, the Petitioning Creditors stated their intention to depose at

---

[6]     Riju Ravindran, one of the worst directors in Delaware's history, has served as a directors of all three Alleged Debtors.  *See e.g.*, Goldstein Decl., Ex. 1 at 166-70 (signature pages listing Ravindran as Tangible Play's director in 2021); *id.*, Ex. 4 at 2 (signature page listing Ravindran as both Epic's and Neuron Fuel's director in 2022). Based on the Petitioning Creditors' ongoing fact investigation, it also appears that Ravindran continues to serve as CEO (or another high-ranking executive role) with at least one of the Alleged Debtors (Neuron Fuel).

least Shaji Puthalath, the Alleged Debtors' sole director, and requested deposition dates during the period of August 15-20.  *Id.*

11.    With no answers having been received, since July 25, the Petitioning Creditors repeatedly have pressed for documents, dates for Puthalath's deposition, and the names of the Alleged Debtors' officers, including confirmation of whether Riju Ravindran remains and officer (if so, he will need to be deposed).  The Petitioning Creditors have sent "chaser" emails on August 2, 5, and 12, and raised the status of discovery on repeated calls between counsel, including as recently as August 12.  *E.g.*, Ex. I at 2-4, Ex. J at 1.  Furthermore, on August 9, 2024, the Court entered the parties' joint Scheduling Order requiring that document productions be completed by August 12, 2024.  Scheduling Order ¶ 1.  But on August 12, the Alleged Debtors produced just a single document—an excel spreadsheet purporting to be Epic's outdated March 31, 2023 consolidated financial statement.  Ex. H at 1.  Other than that one document, no documents have been produced, no deposition dates have been offered, and no officer names have been shared.

12.    At no time have the Alleged Debtors offered any formal or informal objections to the Petitioning Creditors' document requests.  Nor have they raised any objection to Puthalath's deposition (which, given his status as sole director, would be impossible) or explained why they cannot identify their officers.  Rather, consistent with the Alleged Debtors' (and their governors') history of discovery non-compliance, and with the trial on the involuntary petitions two weeks away, the Alleged Debtors have demonstrated absolutely no willingness to participate in their discovery obligations.  Once again, documents are not being produced.  And much like Ravindran, Puthalath—the ostensible governor leading these Alleged Debtors—is taking refuge in the fact that he lives abroad, refusing to sit for a deposition and defend his conduct as a Delaware director in front of a Delaware court.

**REQUESTED RELIEF**

13.     By this Motion, the Petitioning Creditors respectfully request that the Court prohibit the Alleged Debtors from raising or disputing any issue of material fact in connection with the Petitioning Creditors' involuntary petitions or Trustee Motion.  The Court should also enter any other relief that it deems just and proper.  A proposed Order is attached as **Exhibit A**.

**ARGUMENT**

14.     Rules 26 and 34 permit document requests "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 34(a)(1) (permitting document requests within the scope of Rule 26(b)).  Therefore, litigants have a duty to engage in the discovery process, by either responding to written requests or moving the court for a protective order.  *Bristol-Myers Squibb Co. v. Mylan Pharms. Inc.*, 2011 WL 13371929, at *7 n.5 (D. Del. July 18, 2011).  When a litigant fails to participate in discovery, as here, Rule 37 empowers this Court to compel such participation and issue sanctions for noncompliance.  *See* Fed. R. Civ. P. 37(b)(2) and 37(d)(1)(A)(ii).

15.     Here, in violation of Rules 26, 30, and 34 and the Court's own Scheduling Order, the Alleged Debtors have completely abdicated their duty to engage in any meaningful discovery despite having ample time and no undue burden.  At this stage in the case, with trial two weeks away, the *only* appropriate sanction is for the Alleged Debtors to be prohibited from raising or disputing any issues of fact in connection with the Trustee Motion and their challenge to the involuntary petitions.

**A.     The Alleged Debtors violated their discovery obligations under Federal Rules 26, 30, and 34.**

16.     A party cannot "unilaterally absolve itself of its obligation to participate in discovery." *Bristol-Myers Squibb*, 2011 WL 13371929, at *7 n.5.  Neither are litigants permitted

to ignore "proper discovery requests, disobey orders, and essentially pursue (or, in this case, not pursue) the litigation on [their] own terms." *Leasure v. Staples, Inc.*, 2006 WL 1835921, at *3 (W.D. Pa. June 29, 2006). Even so, that is precisely what the Alleged Debtors have done here.

17.     The Alleged Debtors have no defense to their failure to produce documents over the past two months. Two months is plenty of time, and there never has been even an assertion that the Petitioning Creditors' document requests created any undue burden. The Alleged Debtors never served objections to the Petitioning Creditors' requests. That was for good reason, as the Petitioning Creditors' requests, as narrowed, did not even require email searches, which is the most common source of burden. In fact, the Alleged Debtors had signaled their intention to produce documents; they had the Petitioning Creditors' narrowed requests in hand on August 9, 2024, when the parties submitted their joint Scheduling Order agreeing on a production deadline of August 12. Scheduling Order ¶ 1.

18.     Likewise, there is no excuse for the Alleged Debtors' failure to schedule the deposition of Puthalath, their sole director, who, upon information and belief, resides in India. On July 27, the Petitioning Creditors first requested dates for Puthalath, a central witness. *See* Ex. H at 3. Whether Puthalath has been discharging his duties as a Delaware director, or instead has followed in the footsteps of Riju Ravindran, his apparent relative, is highly material to the Petitioning Creditors' Trustee Motion. And, given the Alleged Debtors' claim that the Petitioning Creditors are fully secured (and not under-secured), Puthalath also will be a salient witness on the value of the Alleged Debtors' businesses, among other topics. Yet Puthalath's deposition remains unscheduled with no justification having ever been given, suggesting a complete refusal to participate in this litigation, much like Ravindran. Unsurprisingly, the Alleged Debtors have treated their agreed-upon discovery cut-offs and obligations as meaningless.

**B.**     **The Alleged Debtors should be precluded from raising or disputing any issues of fact on August 28, 2024.**

19.     Sanctions are warranted when, as here, "nothing" justifies a party's "failure to participate in the discovery process." *Nat'l Fire & Marine Ins. Co. v. Robin James Const., Inc.*, 478 F. Supp. 2d 660, 663 (D. Del. 2007).

20.     Here, the *only* appropriate remedy is to enter an order refusing to allow the Alleged Debtors to raise or dispute any issues of fact in connection with the merits of the Petitioning Creditors' involuntary petitions and Trustee Motion. *See* Fed R. Civ. P. 37(b)(2)(A) (empowering courts to prohibit the disobedient party from "supporting or opposing designated claims or defenses, or form introducing designated matters in evidence," among other potential sanctions). That is because if the "duty to comply with discovery obligations is to mean anything, it means that one cannot ignore the obligation to produce documents to one's litigation opponent and then appear at trial and offer testimony about what those documents provide."[7] *In re Team Sys. Int'l LLC*, 640 B.R. 296, 320 (Bankr. D. Del. 2022) (disregarding trial testimony based on documents the debtor failed to produce in discovery).

21.     Moreover, this Court previously issued similar relief against Ravindran in BYJU's Alpha's bankruptcy proceeding. No different than here, based on Ravindran's ongoing failure to answer document requests (and also interrogatories), the Court found he may be "precluded" from "disputing any issue of fact" raised in connection with BYJU's Alpha's motion for summary judgment. *Order Granting Plaintiffs' Motion to Compel and Motion for Entry of Sanctions Against Defendant Riju Ravindran* ¶ 1, *In re BYJU's Alpha*, Case No. 24-50013 [Adv. D.I. 329.]

22.     The same sanction is appropriate here. The Alleged Debtors are evading full and

---

[7]     In contrast, monetary sanctions against the already-distressed Alleged Debtors serves no practical purpose. The Petitioning Creditors' goal is not to further financially burden the Alleged Debtors, but instead facilitate an in-court restructuring of these entities.

complete disclosures, including in violation of the Court's Scheduling Order.  As a result, the Petitioning Creditors remain in the dark about the extent of the Alleged Debtors' mismanagement and financial distress.  Having chosen to conceal their true status from the Petitioning Creditors, the Alleged Debtors should not be permitted to later raise and dispute issues of fact on their own self-serving timeline.

23.    For these reasons, the Alleged Debtors should be prohibited from disputing the factual issues raised in their Answer (or otherwise) or any factual issue raised in opposition to the Trustee Motion.  This includes facts underpinning any assertions that: (i) the Petitioning Creditors' claims are under-secured, (ii) BYJU's Alpha did not default under its Credit Agreement, (iii) T&L properly disqualified Lenders, and (iv) the Alleged Debtors have not been grossly and fraudulently mismanaged.

## LOCAL RULE 7026-1(d) CERTIFICATION OF COUNSEL

24.    The undersigned counsel certifies that the Petitioning Creditors have made a reasonable effort to reach agreement with counsel to the Alleged Debtors regarding the matters set forth in this Motion, including through phone calls on August 12-13 (which followed numerous other calls and emails over the course of July 30-August 13), but no resolution has been reached.

## NOTICE

25.    The Petitioning Creditors will serve a copy of this Motion to: (a) the U.S. Trustee, (b) counsel to the Alleged Debtors; and (c) any parties having filed requests for notices in these cases.  In light of the nature of the relief requested, the Petitioning Creditors submit that no other or further notice need be given.

WHEREAS, for all of these reasons, the Court should grant this Motion and enter the proposed Order attached as **Exhibit A.**

Dated: August 13, 2024
Wilmington, Delaware

/s/ Peter J. Keane
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:  ljones@pszjlaw.com
        pkeane@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Ravi Subramanian Shankar (admitted *pro hac vice*)
Sarah M. Kimmer (admitted *pro hac vice*)
Colin B. Rathe (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Email:    patrick.nash@kirkland.com
          rhowell@kirkland.com
          ravi.shankar@kirkland.com
          sarah.kimmer@kirkland.com
          colin.rathe@kirkland.com

-and-

Brian Schartz, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Email:        brian.schartz@kirkland.com

-and-

**REED SMITH LLP**
David A. Pisciotta (admitted *pro hac vice*)
Nicholas B. Vislocky (admitted *pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone:    (212) 521-5400
Email:        dpisciotta@reedsmith.com
              nvislocky@reedsmith.com

*Counsel to the Petitioning Agent Creditor*

/s/ G. David Dean
**COLE SCHOTZ P.C.**
G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:    ddean@coleschotz.com
          jalberto@coleschotz.com

-and-

Seth Van Aalten (admitted *pro hac vice*)
Sarah Carnes (admitted *pro hac vice*)
Bryant P. Churbuck (admitted *pro hac vice*)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email:  svanaalten@coleschotz.com
        scarnes@coleschotz.com
        bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**
Joel Moss (admitted *pro hac vice*)
Richard A. Stieglitz Jr. (admitted *pro hac vice*)
Sesi Garimella (admitted *pro hac vice*)
Jordan Wishnew (admitted *pro hac vice*)
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000
Email: jmoss@cahill.com
        rstieglitz@cahill.com
        sgarimella@cahill.com
        jwishnew@cahill.com

*Counsel to the Petitioning Lenders
Creditors*

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Epic! Creations, Inc., *et al.*,[1] | ) |
| | ) Case No. 24-11161 (JTD) |
| Alleged Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | **Re: D.I. __** |

**ORDER GRANTING THE PETITIONING CREDITORS'
MOTION TO COMPEL**

Upon consideration of the Petitioning Creditors' *Motion to Compel the Production of Documents and for Sanctions* (the "Motion") against the Alleged Debtors, along with the exhibits thereto, and any responses or replies filed or argument heard in connection therewith; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; the Court hereby **ORDERS** that the Motion is **GRANTED** as set forth below:

1.      The Alleged Debtors' failure to comply with discovery is sanctionable pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent powers.  The Alleged Debtors shall be precluded from raising or disputing any questions of fact related to the pending *Motion for the Appointment of a Chapter 11 Trustee* [D.I. 79] and the involuntary petitions.  Specifically and for the avoidance of doubt, the Alleged Debtors shall be precluded from challenging, *inter alia*, that: (i) the Petitioning Creditors' claims are under-secured, (ii) BYJU's Alpha, Inc. did not default under its November 24, 2021 Credit and Guaranty Agreement, (iii) Think and Learn Pvt. Ltd. properly disqualified any lenders pursuant to that Credit and Guaranty Agreement, and (iv) the

---

[1]      The Alleged Debtors in these chapter 11 cases, along with the last four digits of each Alleged Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

Alleged Debtors have not been grossly and fraudulently mismanaged.

2.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation of this Order.

# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., | Case No. 24-11161 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1689113 | |
| In re: | Chapter 11 |
| NEURON FUEL, INC., | Case No. 24-11162 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 87-1778758 | |
| In re: | Chapter 11 |
| TANGIBLE PLAY, INC., | Case No. 24-11163 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1719331 | |

### PETITIONING CREDITORS' FIRST SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO EPIC! CREATIONS, INC.

The Petitioning Creditors,[1] through their undersigned counsel and pursuant to Fed. R. Civ.

P. 34, made applicable herein through Bankruptcy Rules 9014 and 7034,[2] hereby request that

EPIC! Creations, Inc. produce the documents and other items requested herein.  Production of

documents responsive to the Requests shall be made electronically or at the offices of Cole Schotz

P.C., Attn: G. David Dean, 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 and

---

[1]   The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the Credit Agreement (defined herein) and (ii) certain lenders under the Credit Agreement (collectively, the "Petitioning Lender Creditors").

[2]   These Requests are being issued in anticipation of the involuntary petitions being contested.

Pachulski Stang Ziehl & Jones LLP, Attn: Peter J. Keane, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801.  These Requests are without waiver of the Petitioning Creditors' rights to serve further discovery requests based on the information that may be disclosed in response to these Requests or otherwise, and the Petitioning Creditors expressly reserve all such rights.

**DEFINITIONS**

1.      The term "<u>Affiliate</u>" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2.      The term "<u>Communication</u>" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.  A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication included or was directed to any other person.

3.      The term "<u>Credit Agreement</u>" shall mean the Credit and Guaranty Agreement dated as of November 24, 2021, as amended from time to time.

4.      The term "<u>Document</u>" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes

of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

5.      The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

6.      The "Petition Date" means the date on which the above-captioned bankruptcy case was commenced.

7.      The term "You" and "Your" shall refer to the Person responding to these discovery requests.

8.      Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

9.      The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising

identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format, and all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be preserved and produced.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these requests, then for each such Document, state, among other required information, its date, subject

matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

7.      The fact that a Document is or has been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

8.      These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.  Such supplemental Documents must be produced promptly upon discovery.  The Petitioning Creditors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

9.      The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

10.      Unless otherwise stated in a specific Request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period of November 24, 2021 through the present.

**REQUESTS FOR PRODUCTION**

1.      All Documents and Communications produced by You, formally or informally, either prior to the date hereof or hereafter, in the case captioned, *In re BYJU's Alpha, Inc.*, Case No. 24-10140-JTD (Bankr. D. Del.), to any entity.

2.      All agendas, minutes, resolutions, or presentations sent to Your board, and other documents evidencing Your board's decisions, since July 19, 2022.

3.      All of Your bank statements evidencing any transaction since July 19, 2022.

4.      Documents and Communications sufficient to show each and every direct or indirect transfer of assets on or after March 3, 2023 by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the directors or officers of You or Your current or former Affiliates, on the other hand.

5.      All Documents and Communications concerning each and every direct or indirect transfer of assets by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the current and former directors or officers of You or Your current or former Affiliates, on the other hand, including Documents and Communications concerning (i) the reason(s) for each such transfer and (ii) any consideration received by You in exchange for each such transfer.

6.      Your audited and unaudited financial statements, including balance sheets, income statements, and cash flow statements, for any period of time on or after November 24, 2021.

7.      All Documents and Communications concerning the value of Your business or any and all of Your assets, including internal or external valuations (such as appraisals), since March 3, 2023.

8.      All formal or informal offers, counteroffers, or other indications of interest since March 3, 2023 concerning the potential purchase of any of Your assets or interests in You.

9.      All Documents and Communications regarding the potential sale or other transfer of any of Your assets or interests since March 3, 2023.

10.     All Documents and Communications concerning Your guaranty obligations under the Credit Agreement since March 3, 2023.

11.     Documents sufficient to show Your corporate organization structure and Your directors and officers during all periods since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer.

12.     A list of Your accounts payable since the Petition Date showing (i) the identity of the creditor and (ii) any amounts due and overdue with respect to each such creditor.

13.     Documents sufficient to show all of Your unpaid debts and liabilities as of the Petition Date, including the identity of each creditor and the amount owed to such creditor.

14.     All Documents and Communications since March 3, 2023 between You and Your creditors concerning the amounts allegedly due or owed by You.

15.     All Documents and Communications concerning any dispute by You about any amounts allegedly due or owed by You to any alleged creditor since the Petition Date.

16.     All of Your cash flow reports or liquidity forecast for any period of time during the past six months.

17.     All budgets and financial forecasts for any period of time on or after March 3, 2023.

18.     Documents sufficient to show all monthly cash receipts from March 3, 2023 through the present.

19.     Documents sufficient to show Your cash balances and actual and potential liquidity sources since the Petition Date.

20.     Documents sufficient to show (i) all of Your secured creditors as of the Petition Date, including the contact information for each such secured creditor the amount due to each such creditor as of the Petition Date; and (ii) the value of the collateral securing each such creditor's claims.

21.     Documents sufficient to show all of Your unsecured creditors as of the Petition Date, including the contact information for each such unsecured creditor and the current amount due to each such creditor as of the Petition Date.

22.     Documents and Communications sufficient to show Your number of employees as all times since March 3, 2023.

23.     All tax returns filed by You or on Your behalf with tax authorities in any jurisdiction since November 24, 2021.

24.     Documents sufficient to show (i) all pending lawsuits, arbitrations, or other judicial proceedings commenced against or by You and (ii) all outstanding judgments against You.

25.     Documents sufficient to show Your accounts receivable since the Petition Date, including the identity of the account debtor, amount due, and Your outstanding invoices, purchase orders or similar documents evidencing each such account receivable.

26.     Documents sufficient to show all of Your assets held at any time since November 24, 2021, including their value.

Dated: June 5, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:  ljones@pszjlaw.com
            pkeane@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (*pro hac vice* pending)
Richard U.S. Howell, P.C. (*pro hac vice* pending)
Ravi Subramanian Shankar (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
            rhowell@kirkland.com
            ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    brian.schartz@kirkland.com

-and-

**REED SMITH LLP**
David A. Pisciotta (*pro hac vice* pending)
Nicholas B. Vislocky (*pro hac vice* pending)
599 Lexington Avenue, 22nd Floor

*/s/ G. David Dean*

**COLE SCHOTZ P.C.**
G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:  ddean@coleschotz.com
            jalberto@coleschotz.com

-and-

Seth Van Aalten (*pro hac vice* pending)
Sarah Carnes (*pro hac vice* pending)
Bryant P. Churbuck (*pro hac vice* pending)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email:  svanaalten@coleschotz.com
            scarnes@coleschotz.com
            bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**
Joel Moss (*pro hac vice* pending)
Richard A. Stieglitz Jr. (*pro hac vice* pending)
Sesi Garimella (*pro hac vice* pending)
Jordan Wishnew (*pro hac vice* pending)
32 Old Slip
New York, NY 10005
Telephone:    (212) 701-3000
Facsimile:    (212) 269-5420
Email:  jmoss@cahill.com
            rstieglitz@cahill.com
            sgarimella@cahill.com

New York, New York 10022                                          jwishnew@cahill.com
Telephone:      (212) 521-5400
Facsimile:      (212) 521-5450                          *Counsel to the Petitioning Lender Creditors*
Email:          dpisciotta@reedsmith.com
                nvislocky@reedsmith.com

*Counsel to GLAS Trust Company LLC*

Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EPIC! CREATIONS, INC., | ) Case No. 24-11161 (JTD) |
| | ) |
| Alleged Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1689113 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| NEURON FUEL, INC., | ) Case No. 24-11162 (JTD) |
| | ) |
| Alleged Debtor. | ) |
| | ) |
| Tax I.D. No. 87-1778758 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TANGIBLE PLAY, INC., | ) Case No. 24-11163 (JTD) |
| | ) |
| Alleged Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1719331 | ) |

**PETITIONING CREDITORS' FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO NEURON FUEL, INC.**

The Petitioning Creditors,[1] through their undersigned counsel and pursuant to Fed. R. Civ.

P. 34, made applicable herein through Bankruptcy Rules 9014 and 7034,[2] hereby request that

Neuron Fuel, Inc. produce the documents and other items requested herein. Production of

documents responsive to the Requests shall be made electronically or at the offices of Cole Schotz

P.C., Attn: G. David Dean, 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 and

---

[1] The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the Credit Agreement (defined herein) and (ii) certain lenders under the Credit Agreement (collectively, the "Petitioning Lender Creditors").

[2] These Requests are being issued in anticipation of the involuntary petitions being contested.

Pachulski Stang Ziehl & Jones LLP, Attn: Peter J. Keane, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801.  These Requests are without waiver of the Petitioning Creditors' rights to serve further discovery requests based on the information that may be disclosed in response to these Requests or otherwise, and the Petitioning Creditors expressly reserve all such rights.

## DEFINITIONS

1.      The term "Affiliate" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2.      The term "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.  A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication included or was directed to any other person.

3.      The term "Credit Agreement" shall mean the Credit and Guaranty Agreement dated as of November 24, 2021, as amended from time to time.

4.      The term "Document" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes

of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

5.     The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

6.     The "Petition Date" means the date on which the above-captioned bankruptcy case was commenced.

7.     The term "You" and "Your" shall refer to the Person responding to these discovery requests.

8.     Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

9.     The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising

identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format, and all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be preserved and produced.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive.  Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these requests, then for each such Document, state, among other required information, its date, subject

matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

7.      The fact that a Document is or has been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

8.      These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.  Such supplemental Documents must be produced promptly upon discovery.  The Petitioning Creditors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

9.      The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

10.     Unless otherwise stated in a specific Request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period of November 24, 2021 through the present.

## REQUESTS FOR PRODUCTION

1.      All Documents and Communications produced by You, formally or informally, either prior to the date hereof or hereafter, in the case captioned, *In re BYJU's Alpha, Inc.*, Case No. 24-10140-JTD (Bankr. D. Del.), to any entity.

2.      All agendas, minutes, resolutions, or presentations sent to Your board, and other documents evidencing Your board's decisions, since July 19, 2022.

3.      All of Your bank statements evidencing any transaction since July 19, 2022.

4.      Documents and Communications sufficient to show each and every direct or indirect transfer of assets on or after March 3, 2023 by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the directors or officers of You or Your current or former Affiliates, on the other hand.

5.      All Documents and Communications concerning each and every direct or indirect transfer of assets by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the current and former directors or officers of You or Your current or former Affiliates, on the other hand, including Documents and Communications concerning (i) the reason(s) for each such transfer and (ii) any consideration received by You in exchange for each such transfer.

6.      Your audited and unaudited financial statements, including balance sheets, income statements, and cash flow statements, for any period of time on or after November 24, 2021.

7.      All Documents and Communications concerning the value of Your business or any and all of Your assets, including internal or external valuations (such as appraisals), since March 3, 2023.

8.      All formal or informal offers, counteroffers, or other indications of interest since March 3, 2023 concerning the potential purchase of any of Your assets or interests in You.

9.      All Documents and Communications regarding the potential sale or other transfer of any of Your assets or interests since March 3, 2023.

10.     All Documents and Communications concerning Your guaranty obligations under the Credit Agreement since March 3, 2023.

11.     Documents sufficient to show Your corporate organization structure and Your directors and officers during all periods since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer.

12.     A list of Your accounts payable since the Petition Date showing (i) the identity of the creditor and (ii) any amounts due and overdue with respect to each such creditor.

13.     Documents sufficient to show all of Your unpaid debts and liabilities as of the Petition Date, including the identity of each creditor and the amount owed to such creditor.

14.     All Documents and Communications since March 3, 2023 between You and Your creditors concerning the amounts allegedly due or owed by You.

15.     All Documents and Communications concerning any dispute by You about any amounts allegedly due or owed by You to any alleged creditor since the Petition Date.

16.     All of Your cash flow reports or liquidity forecast for any period of time during the past six months.

17.     All budgets and financial forecasts for any period of time on or after March 3, 2023.

18.     Documents sufficient to show all monthly cash receipts from March 3, 2023 through the present.

19.    Documents sufficient to show Your cash balances and actual and potential liquidity sources since the Petition Date.

20.    Documents sufficient to show (i) all of Your secured creditors as of the Petition Date, including the contact information for each such secured creditor the amount due to each such creditor as of the Petition Date; and (ii) the value of the collateral securing each such creditor's claims.

21.    Documents sufficient to show all of Your unsecured creditors as of the Petition Date, including the contact information for each such unsecured creditor and the current amount due to each such creditor as of the Petition Date.

22.    Documents and Communications sufficient to show Your number of employees as all times since March 3, 2023.

23.    All tax returns filed by You or on Your behalf with tax authorities in any jurisdiction since November 24, 2021.

24.    Documents sufficient to show (i) all pending lawsuits, arbitrations, or other judicial proceedings commenced against or by You and (ii) all outstanding judgments against You.

25.    Documents sufficient to show Your accounts receivable since the Petition Date, including the identity of the account debtor, amount due, and Your outstanding invoices, purchase orders or similar documents evidencing each such account receivable.

26.    Documents sufficient to show all of Your assets held at any time since November 24, 2021, including their value.

Dated: June 5, 2024
Wilmington, Delaware

/s/ Laura Davis Jones

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:  ljones@pszjlaw.com
          pkeane@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Patrick J. Nash Jr., P.C. (*pro hac vice* pending)
Richard U.S. Howell, P.C. (*pro hac vice* pending)
Ravi Subramanian Shankar (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              rhowell@kirkland.com
              ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        brian.schartz@kirkland.com

-and-

**REED SMITH LLP**

David A. Pisciotta (*pro hac vice* pending)
Nicholas B. Vislocky (*pro hac vice* pending)
599 Lexington Avenue, 22nd Floor

/s/ G. David Dean

**COLE SCHOTZ P.C.**

G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:  ddean@coleschotz.com
          jalberto@coleschotz.com

-and-

Seth Van Aalten (*pro hac vice* pending)
Sarah Carnes (*pro hac vice* pending)
Bryant P. Churbuck (*pro hac vice* pending)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email:  svanaalten@coleschotz.com
          scarnes@coleschotz.com
          bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**

Joel Moss (*pro hac vice* pending)
Richard A. Stieglitz Jr. (*pro hac vice* pending)
Sesi Garimella (*pro hac vice* pending)
Jordan Wishnew (*pro hac vice* pending)
32 Old Slip
New York, NY 10005
Telephone:    (212) 701-3000
Facsimile:    (212) 269-5420
Email:  jmoss@cahill.com
          rstieglitz@cahill.com
          sgarimella@cahill.com

New York, New York 10022                              jwishnew@cahill.com
Telephone:        (212) 521-5400
Facsimile:        (212) 521-5450                *Counsel to the Petitioning Lender Creditors*
Email:            dpisciotta@reedsmith.com
                  nvislocky@reedsmith.com

*Counsel to GLAS Trust Company LLC*

# Exhibit D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., | Case No. 24-11161 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1689113 | |
| In re: | Chapter 11 |
| NEURON FUEL, INC., | Case No. 24-11162 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 87-1778758 | |
| In re: | Chapter 11 |
| TANGIBLE PLAY, INC., | Case No. 24-11163 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1719331 | |

**PETITIONING CREDITORS' FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO TANGIBLE PLAY, INC.**

The Petitioning Creditors,[1] through their undersigned counsel and pursuant to Fed. R. Civ.

P. 34, made applicable herein through Bankruptcy Rules 9014 and 7034,[2] hereby request that

Tangible Play, Inc. produce the documents and other items requested herein.  Production of

documents responsive to the Requests shall be made electronically or at the offices of Cole Schotz

P.C., Attn: G. David Dean, 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 and

---

[1]   The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the Credit Agreement (defined herein) and (ii) certain lenders under the Credit Agreement (collectively, the "Petitioning Lender Creditors").

[2]   These Requests are being issued in anticipation of the involuntary petitions being contested.

Pachulski Stang Ziehl & Jones LLP, Attn: Peter J. Keane, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801.  These Requests are without waiver of the Petitioning Creditors' rights to serve further discovery requests based on the information that may be disclosed in response to these Requests or otherwise, and the Petitioning Creditors expressly reserve all such rights.

**DEFINITIONS**

1.     The term "Affiliate" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2.     The term "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.  A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication included or was directed to any other person.

3.     The term "Credit Agreement" shall mean the Credit and Guaranty Agreement dated as of November 24, 2021, as amended from time to time.

4.     The term "Document" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes

of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

5.      The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

6.      The "Petition Date" means the date on which the above-captioned bankruptcy case was commenced.

7.      The term "You" and "Your" shall refer to the Person responding to these discovery requests.

8.      Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

9.      The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising

identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format, and all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be preserved and produced.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these requests, then for each such Document, state, among other required information, its date, subject

matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

7.      The fact that a Document is or has been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

8.      These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.  Such supplemental Documents must be produced promptly upon discovery.  The Petitioning Creditors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

9.      The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

10.      Unless otherwise stated in a specific Request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period of November 24, 2021 through the present.

## REQUESTS FOR PRODUCTION

1.      All Documents and Communications produced by You, formally or informally, either prior to the date hereof or hereafter, in the case captioned, *In re BYJU's Alpha, Inc.*, Case No. 24-10140-JTD (Bankr. D. Del.), to any entity.

2.      All agendas, minutes, resolutions, or presentations sent to Your board, and other documents evidencing Your board's decisions, since July 19, 2022.

3.      All of Your bank statements evidencing any transaction since July 19, 2022.

4.      Documents and Communications sufficient to show each and every direct or indirect transfer of assets on or after March 3, 2023 by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the directors or officers of You or Your current or former Affiliates, on the other hand.

5.      All Documents and Communications concerning each and every direct or indirect transfer of assets by You, on the one hand, to or for the benefit of any of Your current or former Affiliates or the current and former directors or officers of You or Your current or former Affiliates, on the other hand, including Documents and Communications concerning (i) the reason(s) for each such transfer and (ii) any consideration received by You in exchange for each such transfer.

6.      Your audited and unaudited financial statements, including balance sheets, income statements, and cash flow statements, for any period of time on or after November 24, 2021.

7.      All Documents and Communications concerning the value of Your business or any and all of Your assets, including internal or external valuations (such as appraisals), since March 3, 2023.

8.      All formal or informal offers, counteroffers, or other indications of interest since March 3, 2023 concerning the potential purchase of any of Your assets or interests in You.

9.      All Documents and Communications regarding the potential sale or other transfer of any of Your assets or interests since March 3, 2023.

10.     All Documents and Communications concerning Your guaranty obligations under the Credit Agreement since March 3, 2023.

11.     Documents sufficient to show Your corporate organization structure and Your directors and officers during all periods since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer.

12.     A list of Your accounts payable since the Petition Date showing (i) the identity of the creditor and (ii) any amounts due and overdue with respect to each such creditor.

13.     Documents sufficient to show all of Your unpaid debts and liabilities as of the Petition Date, including the identity of each creditor and the amount owed to such creditor.

14.     All Documents and Communications since March 3, 2023 between You and Your creditors concerning the amounts allegedly due or owed by You.

15.     All Documents and Communications concerning any dispute by You about any amounts allegedly due or owed by You to any alleged creditor since the Petition Date.

16.     All of Your cash flow reports or liquidity forecast for any period of time during the past six months.

17.     All budgets and financial forecasts for any period of time on or after March 3, 2023.

18.     Documents sufficient to show all monthly cash receipts from March 3, 2023 through the present.

19.     Documents sufficient to show Your cash balances and actual and potential liquidity sources since the Petition Date.

20.     Documents sufficient to show (i) all of Your secured creditors as of the Petition Date, including the contact information for each such secured creditor the amount due to each such creditor as of the Petition Date; and (ii) the value of the collateral securing each such creditor's claims.

21.     Documents sufficient to show all of Your unsecured creditors as of the Petition Date, including the contact information for each such unsecured creditor and the current amount due to each such creditor as of the Petition Date.

22.     Documents and Communications sufficient to show Your number of employees as all times since March 3, 2023.

23.     All tax returns filed by You or on Your behalf with tax authorities in any jurisdiction since November 24, 2021.

24.     Documents sufficient to show (i) all pending lawsuits, arbitrations, or other judicial proceedings commenced against or by You and (ii) all outstanding judgments against You.

25.     Documents sufficient to show Your accounts receivable since the Petition Date, including the identity of the account debtor, amount due, and Your outstanding invoices, purchase orders or similar documents evidencing each such account receivable.

26.     Documents sufficient to show all of Your assets held at any time since November 24, 2021, including their value.

Dated: June 5, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email: ljones@pszjlaw.com
        pkeane@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (*pro hac vice* pending)
Richard U.S. Howell, P.C. (*pro hac vice* pending)
Ravi Subramanian Shankar (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
          rhowell@kirkland.com
          ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    brian.schartz@kirkland.com

-and-

**REED SMITH LLP**
David A. Pisciotta (*pro hac vice* pending)
Nicholas B. Vislocky (*pro hac vice* pending)
599 Lexington Avenue, 22nd Floor

*/s/ G. David Dean*

**COLE SCHOTZ P.C.**
G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:  ddean@coleschotz.com
        jalberto@coleschotz.com

-and-

Seth Van Aalten (*pro hac vice* pending)
Sarah Carnes (*pro hac vice* pending)
Bryant P. Churbuck (*pro hac vice* pending)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email:  svanaalten@coleschotz.com
        scarnes@coleschotz.com
        bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**
Joel Moss (*pro hac vice* pending)
Richard A. Stieglitz Jr. (*pro hac vice* pending)
Sesi Garimella (*pro hac vice* pending)
Jordan Wishnew (*pro hac vice* pending)
32 Old Slip
New York, NY 10005
Telephone:    (212) 701-3000
Facsimile:    (212) 269-5420
Email:  jmoss@cahill.com
        rstieglitz@cahill.com
        sgarimella@cahill.com

New York, New York 10022                          jwishnew@cahill.com
Telephone:    (212) 521-5400
Facsimile:    (212) 521-5450                  *Counsel to the Petitioning Lender Creditors*
Email:        dpisciotta@reedsmith.com
              nvislocky@reedsmith.com

*Counsel to GLAS Trust Company LLC*

Exhibit E

| | |
|---|---|
| **From:** | Ratkowiak, Pauline <pratkowiak@coleschotz.com> |
| **Sent:** | Wednesday, June 5, 2024 3:40 PM |
| **To:** | *DMax@kasowitz.com; *skorpus@kasowitz.com; cicero@chipmanbrown.com |
| **Cc:** | JWishnew@cahill.com; Howell, Richard U. S.; *SVanAalten@coleschotz.com; Aberasturi, Julie; JMoss@cahill.com; Dougherty, Jack; Dean, David; Carnes, Sarah; Churbuck, Bryant; Shankar, Ravi Subramanian; Nash, Patrick J.; Schartz, Brian |
| **Subject:** | Involuntary Petitions for Epic! Creations, Inc., Neuron Fuel, Inc. and Tangible Play, Inc. |
| **Attachments:** | Mimecast Large File Send Instructions |

---

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

---

I'm using Mimecast to share large files with you. Please see the attached instructions.

---

Attached please find three zip folders with the following pleadings in connection with the involuntary petitions filed against Epic! Creations, Inc., Neuron Fuel, Inc. and Tangible Play, Inc.:

**Epic! Creations, Inc. zip folder includes:**

1. Cover Letter from G. David Dean

2. First Set of Requests for Production of Documents to Epic! Creations, Inc.

3. Summons for Epic! Creations, Inc.

4. REDACTED copy of involuntary petition against Epic! Creations, Inc. [DI 1]

5. Joint administration motion [DI 4]

6. Motion to seal [DI 6]

7. Motion to shorten [DI 7]

8. REDACTED 303(f) Motion [DI 8]

**Neuron Fuel, Inc. zip folder includes:**

1. Cover Letter from G. David Dean

2. First Set of Requests for Production of Documents to Neuron Fuel, Inc.

3. Summons for Neuron Fuel, Inc.

4.  REDACTED copy of involuntary petition against Neuron Fuel, Inc. [DI 1]

5.  Joint administration motion [DI 4]

6.  Motion to seal [DI 6]

7.  Motion to shorten [DI 7]

8.  REDACTED 303(f) Motion [DI 8]

**Tangible Play, Inc. zip folder includes:**

1.  Cover Letter from G. David Dean

2.  First Set of Requests for Production of Documents to Tangible Play, Inc.

3.  Summons for Tangible Play, Inc.

4.  REDACTED copy of involuntary petition against Tangible Play, Inc. [DI 1]

5.  Joint administration motion [DI 4]

6.  Motion to seal [DI 6]

7.  Motion to shorten [DI 7]

8.  REDACTED 303(f) Motion [DI 8]



**PAULINE ZENNER RATKOWIAK**
**PARALEGAL**

**OFFICE**  302.651.2010

**EMAIL**  pratkowiak@coleschotz.com

500 Delaware Avenue | Suite 200 | Wilmington, DE 19801

NEW JERSEY   NEW YORK   DELAWARE   MARYLAND   TEXAS   FLORIDA

VCARD | COLESCHOTZ.COM

\* \* \* \* \* \*

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

# Exhibit F

| | |
|---|---|
| **From:** | Schartz, Brian |
| **Sent:** | Wednesday, June 19, 2024 6:00 PM |
| **To:** | Martin, Craig |
| **Cc:** | Shankar, Ravi Subramanian; Chesley, Rick; Nash, Patrick J.; |
| | *SVanAalten@coleschotz.com; Dean, David; Terry, Claire; Howell, Richard U. S.; Wishnew, Jordan; Moss, Joel; Carnes, Sarah; Kimmer, Sarah |
| **Subject:** | Re: Byju's Invols |

Thank you. We'll probably prepare a separate schedule  then. In terms of priorities, would ask you to focus this week on the cash-related items/questions, especially since they are gating items to resolving the 303 order given your comments.


Brian E. Schartz, P.C.

-------------------------------------

KIRKLAND & ELLIS LLP

601 Lexington Avenue, New York, NY 10022

T +1 212 446 5932

F +1 212 446 4900

M +1 917 620 8948


609 Main Street, Houston, TX 77002

T +1 713 836 3755

F +1 713 836 3601


-------------------------------------

brian.schartz@kirkland.com


On Jun 20, 2024, at 12:55 AM, Martin, Craig <craig.martin@us.dlapiper.com> wrote:

> **This message is from an EXTERNAL SENDER**
> Be cautious, particularly with links and attachments.

We can pass all these multiple demands along (please feel free to prioritize also); however, what we need is time to assess the strategy of how to deal with the involuntary petitions – please do not take our feedback on this order as determinative of that issue.  Perhaps we keep the proposed answer or other response by the date in this schedule and if the outcome of that is a decision to oppose the involuntary petitions, we could address the schedule at that time.  If you want to try to build a separate trial schedule at the same time as this in case the alleged debtors do decide to oppose the order, that may be a much more difficult task when no decision has yet been made on how to address or response to the petitions.  But if you want to draft a separate order with a schedule in it that ties into this order (and happy for you to send back a markup of this 303 order if you think that

would be useful), if the Alleged Debtors seek to oppose entry for an order of relief (which may not even happen), we would be happy to take a look at it. We of course reserve all rights; but want to at least be discussing the procedural path forward for now.

As I said we will pass this along and happy to discuss tomorrow with whoever would like to speak.

Regards to you all for a good evening,

R. Craig Martin
Partner

T  +1 302 468 5655
F  +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



---

**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Wednesday, June 19, 2024 6:33 PM
**To:** Schartz, Brian <bschartz@kirkland.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** Martin, Craig <craig.martin@us.dlapiper.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; *SVanAalten@coleschotz.com <SVanAalten@coleschotz.com>; Dean, David <DDean@coleschotz.com>; Terry, Claire <claire.terry@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Wishnew, Jordan <JWishnew@cahill.com>; Moss, Joel <JMoss@cahill.com>; Carnes, Sarah <SCarnes@coleschotz.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** RE: Byju's Invols

⚠ EXTERNAL MESSAGE

Just wanted to weigh in with two more items:

1. Can you agree to provide a summary of all transfers by the Alleged Debtors since the involuntary petitions were filed/served on June 4-5, 2024?

2. Building on Brian's scheduling point, we will need to work in deadlines for the RFPs we served concurrently with the filing of the involuntary petitions. On this front, I will note that, as part of the BYJU's Alpha bankruptcy, 2004 discovery was served on the Alleged Debtors back in April (see attached), yet only <u>three</u> documents were ever produced, and the Alleged Debtors violated the production deadline set by the Court and even the extended production deadline that

Kasowitz unilaterally gave the Alleged Debtors.  I raise this, because a lot of the discovery we're seeking here has been sought for a long time, and this will inform our discussion on scheduling.

Ravi

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2027
**F** +1 312 862 2200

ravi.shankar@kirkland.com

---

**From:** Schartz, Brian <bschartz@kirkland.com>
**Sent:** Wednesday, June 19, 2024 5:19 PM
**To:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** Martin, Craig <craig.martin@us.dlapiper.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; *SVanAalten@coleschotz.com <SVanAalten@coleschotz.com>; Dean, David <DDean@coleschotz.com>; Terry, Claire <claire.terry@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Wishnew, Jordan <JWishnew@cahill.com>; Moss, Joel <JMoss@cahill.com>; Carnes, Sarah <SCarnes@coleschotz.com>
**Subject:** Re: Byju's Invols

Appreciate that.  We would also appreciate answers to the open items from my email earlier in the week, as all the issues clearly are related.

Our goal here is to help the Company maximize value of these entities — but we cannot do that without basic information.

Like I said, others on the petitioning creditor side may have additional thoughts/comments.

**Brian E. Schartz, P.C.**
-------------------------------------
KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 5932
**F** +1 212 446 4900
**M** +1 917 620 8948

609 Main Street, Houston, TX 77002
**T** +1 713 836 3755
**F** +1 713 836 3601

-------------------------------------
brian.schartz@kirkland.com

On Jun 20, 2024, at 12:15 AM, Chesley, Rick <Richard.Chesley@us.dlapiper.com> wrote:

Brian, we will get back to you on all of these points by tomorrow as we would like to work this out by the end of the week.

Rick

**Richard A. Chesley**
Co-US Managing Partner
Global Managing Partner

---

T  +1 312 368 3430
F  +1 312 630 5330
M  +1 847 858 6133
richard.chesley@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



---

**From:** Schartz, Brian <bschartz@kirkland.com>
**Sent:** Wednesday, June 19, 2024 5:13 PM
**To:** Martin, Craig <craig.martin@us.dlapiper.com>
**Cc:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; *SVanAalten@coleschotz.com <SVanAalten@coleschotz.com>; Dean, David <DDean@coleschotz.com>; Terry, Claire <claire.terry@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Wishnew, Jordan <JWishnew@cahill.com>; Moss, Joel <JMoss@cahill.com>; Carnes, Sarah <SCarnes@coleschotz.com>
**Subject:** Re: Byju's Invols

⚠️ EXTERNAL MESSAGE

Thanks.  A few initial comments/questions:

1) How much cash do the three entities have today?

2) How much revenue are they expected to collect in the next few weeks?  What other expenses need to be paid, if any?

3) What are DLA's projected fees during the gap period?  What are other legal advisors are contemplated to be hired?

4) We don't think it's appropriate to agree to pay any other advisor, including a CRO, FA, or banker, at this time, unless we can sort out the other issues (including scope) from my email to you  earlier in the week.

5) As I'm sure you can appreciate, there is very little chance we agree to intercompany transfers to a non-guarantor entity like WhiteHat given the history here. Please provide detail on the immediate cash need at each entity, including anticipated transfers between the three debtors, detail on how those transfers are documented, and who at the company makes those decisions.

6) If you intend to challenge the involuntary petitions, we should just do a full and separate scheduling order that lays out a plan for witnesses, discovery, deposition schedule, etc. We have a lost a lot of time here, so it will need to be compressed.

Others may thoughts/questions.

If we cannot sort the 303 order before the end of the week, we should set it for hearing as soon as possible.

Brian




**Brian E. Schartz, P.C.**
---------------------------------------
KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
T +1 212 446 5932
F +1 212 446 4900
M +1 917 620 8948

609 Main Street, Houston, TX 77002
T +1 713 836 3755
F +1 713 836 3601

---------------------------------------
brian.schartz@kirkland.com



> On Jun 19, 2024, at 11:47 PM, Martin, Craig <craig.martin@us.dlapiper.com> wrote:
>
>
> Brian and David,
>
> Thank you for the patience in allowing us to work with the Alleged Debtors to propose something on the 303 Ordinary Course Order. I attach our comments. As I discussed with David and suggested by Rick, the Joint Admin and Motion to Seal require no comment. And as I mentioned to David, if we reach agreement on this we would not need a motion to shorten.

Please give this a look and let us know if this works as a means of moving this forward and giving us time to discuss some broader issues.

Many Thanks,

R. Craig Martin
Partner

T  +1 302 468 5655
F  +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

<image001.png>

---

**From:** Schartz, Brian <bschartz@kirkland.com>
**Sent:** Friday, June 14, 2024 8:55 AM
**To:** Martin, Craig <craig.martin@us.dlapiper.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** Nash, Patrick J. <patrick.nash@kirkland.com>; *SVanAalten@coleschotz.com <SVanAalten@coleschotz.com>; Dean, David <DDean@coleschotz.com>; Terry, Claire <claire.terry@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Wishnew, Jordan <JWishnew@cahill.com>; Moss, Joel <JMoss@cahill.com>; Carnes, Sarah <SCarnes@coleschotz.com>
**Subject:** Byju's Invols

⚠️ EXTERNAL MESSAGE

Craig / Rick – Good to connect.  As discussed, I'm including the involuntary legal team here.
Others – Craig and Rick are on the scene for the three alleged debtors.  They are still sorting out a bunch of stuff, but, in the immediate near term they are going to consent to the initial relief we've asked for.  **Sarah** – Can you please send them the Word versions of the orders?  Once we have their comments (if any), we should get on file with Judge Dorsey so we can advance the ball.

**Brian E. Schartz, P.C.**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022

T +1 212 446 5932
F +1 212 446 4900
M +1 917 620 8948

609 Main Street, Houston, TX 77002
T +1 713 836 3755
F +1 713 836 3601

brian.schartz@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

<2024-06-17 - Epic - Proposed Order 303(f) Motion - DLA Comments.docx>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly proh bited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Exhibit G

**FILED UNDER SEAL**

# Exhibit H

| | |
|---|---|
| **From:** | Martin, Craig <craig.martin@us.dlapiper.com> |
| **Sent:** | Monday, August 12, 2024 6:59 PM |
| **To:** | Kimmer, Sarah; Chesley, Rick; Tannon, Jay; Stier, Erik |
| **Cc:** | Schartz, Brian; Nash, Patrick J.; Howell, Richard U. S.; Shankar, Ravi Subramanian; Dean, David; Carnes, Sarah; Churbuck, Bryant; *SVanAalten@coleschotz.com; Moss, Joel; Stieglitz Jr., Richard A.; Wishnew, Jordan; *ljones@pszjlaw.com; dpisciotta@reedsmith.com; nvislocky@reedsmith.com |
| **Subject:** | RE: In re Epic Creations et al: August 27th Joint Hearing |
| **Attachments:** | Epic! creations _US Gaap_FS Final Updated V3.xlsx |

---

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Sarah,

I spoke with Ravi today.  I have only been provided with the attached document, which is responsive to RFP 6 in your emails below.  I have been pressing for information and expect to speak further with the Alleged Debtors tomorrow morning regarding additional production.  As I mentioned to Ravi, I will connect with him afterwards to discuss further production and depositions.

**R. Craig Martin**
Partner

T   +1 302 468 5655
F   +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, DE  19801-1147



dlapiper.com

---

**From:** Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Sent:** Saturday, July 27, 2024 3:31 PM
**To:** Martin, Craig <craig.martin@us.dlapiper.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>; Tannon, Jay <Jay.Tannon@us.dlapiper.com>; Stier, Erik <Erik.Stier@us.dlapiper.com>
**Cc:** Schartz, Brian <bschartz@kirkland.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Dean, David <DDean@coleschotz.com>; Carnes, Sarah <SCarnes@coleschotz.com>; Churbuck, Bryant <BChurbuck@coleschotz.com>; *SVanAalten@coleschotz.com <SVanAalten@coleschotz.com>; Moss, Joel <JMoss@cahill.com>; Stieglitz Jr., Richard A. <RStieglitz@cahill.com>; Wishnew, Jordan <JWishnew@cahill.com>; *ljones@pszjlaw.com <ljones@pszjlaw.com>; dpisciotta@reedsmith.com; nvislocky@reedsmith.com
**Subject:** In re Epic Creations et al: August 27th Joint Hearing

⚠ EXTERNAL MESSAGE

Craig,

We remain hopeful the parties can reach a consensual resolution that gets FTI engaged and the two proposed independent directors in place soon.

However, given the pace of those negotiations and the financial state of the Alleged Debtors, continued discussions must take place alongside preparations for the August 27 combined hearing on the trustee motion and the involuntary petitions. We hope you can appreciate that the Petitioning Creditors have focused on the most critical requests for both issues.

Therefore, below please find the narrowed trustee motion requests that I previously sent on July 11 with limited additions, as well as additional requests that focus on the involuntary petitions more generally. (The below categorization is without prejudice to the relevance of discovery requests across both issues.) With limited exceptions, all are drawn from the June 5 RFPs. Where possible we've narrowed the scope of certain requests or suggested service of an interrogatory-type answer, in lieu of documents. I've also reattached the draft protective order for your comment, assuming the Alleged Debtors want one in place in connection with their production of documents.

**Narrowed Trustee Motion Requests**
- **RFP 1:** All agendas, minutes, resolutions, or presentations sent to Your board, and other Documents evidencing Your board's decisions, since March 3, 2023.
- **RFP 3:** All of Your bank statements evidencing any transaction since ~~July 19, 2022~~ March 3, 2023.
- **RFP 6:** Your audited and unaudited financial statements, including balance sheets, income statements, and cash flow statements, for any period of time on or after ~~November 24, 2021~~ March 3, 2023.
- **RFP 7:** All ~~Documents and Communications concerning~~ analyses of the value of Your business or any and all of Your assets (including the collateral securing the Petitioning Creditors' claims), including internal or external valuations (such as appraisals), since March 3, 2023.
- **RFP 8:** All formal or informal offers, counteroffers, or other indications of interest since March 3, 2023 concerning the potential purchase of any of Your assets or interests in You.
- **RFP 11:** Documents sufficient to show ~~Your corporate organization structure and~~ Your directors and officers during all periods since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer. (We are also willing to accept this as a sworn interrogatory response.)
- **RFP 13:** Documents sufficient to show all of Your unpaid debts and liabilities as of the Petition Date, including the identity of each creditor and the amount owed to such creditor. (We are also willing to accept this as a sworn interrogatory response.)
- **RFP 16:** ~~All of~~ Your current cash flow reports ~~or~~ AND liquidity forecast ~~for any period of time during the past six months~~.
- **New:** Documents and Communications concerning the appointment, compensation, service, and decision-making of Shaji Puthalath as director of the Alleged Debtors, including responsive Communications between Mr. Puthalath and Byju Raveendran or Riju Ravindran.
- **New:** Any exhibits that the Alleged Debtors intend to rely upon at the August 27 hearing.

**Narrowed Involuntary Trial Requests**
- **RFP 2:** All agendas, minutes, resolutions, or presentations sent to Your board, and other documents evidencing Your board's decisions, since March 3, 2023 ~~July 19, 2022~~.
- **RFP 11:** Documents sufficient to show ~~Your corporate organization structure and~~ Your directors and officers during all periods since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer.
- **RFP 12:** A list of Your accounts payable since the Petition Date showing (i) the identity of the creditor and (ii) any amounts due and overdue with respect to each such creditor. (We are also willing to accept this as a sworn interrogatory response.)

- **RFP 17:**  All Your current budgets and financial forecasts for any period of time on or after March 3, 2023.
- **RFP 20:** Documents sufficient to show (i) all of Your secured creditors as of the Petition Date, including the contact information for each such secured creditor the amount due to each such creditor as of the Petition Date; and (ii) the value of the collateral securing each such creditor's claims. (We are also willing to accept this as a sworn interrogatory response.)
- **RFP 21:**  Documents sufficient to show all of Your unsecured creditors as of the Petition Date, including the contact information for each such unsecured creditor and the current amount due to each such creditor as of the Petition Date. (We are also willing to accept this as a sworn interrogatory response.)
- **RFP 24:** Documents sufficient to show (i) all pending lawsuits, arbitrations, or other judicial proceedings commenced against or by You and (ii) all outstanding judgments against You. (You can omit from this RFP those lawsuits identified at D.I. 8-4 (summary litigation chart).)
- **New:** Any exhibits that the Alleged Debtors intend to rely upon at the August 27 hearing.


In our view this proposal in eminently reasonable in light of the timeline to trial on both issues, particularly because (a) our discovery was served back on June 5 (and a lot of it was originally requested back in April 2024 as part of the Alpha bankruptcy) and (b) it largely eliminates the need for email searches.  We expect these are documents your clients can begin collecting and producing by early next week, with a target completion date of Friday, August 9 (or another mutually agreeable date).  We also reserve the right to supplement these requests, including in the event the Alleged Debtors intend to argue the Petitioning Creditors are not undersecured.

We will send another email regarding a proposed case schedule, but, to round out our discovery discussion here, we also propose August 13 (or another mutually agreeable date) as the deadline for the parties to disclose anticipated witnesses for the August 27 hearing.  We intend to at least depose Shaji Puthalath, and, to kick off scheduling discussions, request in-person deposition dates for him in or around August 15-20 (so we can begin checking calendars).

We are available to promptly meet and confer on any of the above.


Best,
Sarah


**Sarah Kimmer**

**KIRKLAND & ELLIS LLP**
333 W Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 4206 **M** +1 312 952 2414
**F** +1 312 862 2200

sarah.kimmer@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Exhibit I

| | |
|---|---|
| **From:** | Shankar, Ravi Subramanian |
| **Sent:** | Monday, August 5, 2024 9:17 AM |
| **To:** | 'Martin, Craig'; Chesley, Rick |
| **Cc:** | Dean, David; Nash, Patrick J.; Schartz, Brian; Howell, Richard U. S.; Kimmer, Sarah; Stier, Erik; Elkin, Jordan |
| **Subject:** | RE: BYJU's Involuntaries |

Craig, thanks — we can do 230 ET.  We'll get an invite around for tomorrow.

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 2027
F +1 312 862 2200

ravi.shankar@kirkland.com

**From:** Martin, Craig <craig.martin@us.dlapiper.com>
**Sent:** Monday, August 5, 2024 8:40 AM
**To:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Stier, Erik <Erik.Stier@us.dlapiper.com>
**Subject:** Re: BYJU's Involuntaries

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Ravi,

Thanks for this. I need to speak with up the client t on these issues. Can we speak tomorrow afternoon?  Around 2 to 4 ET?

**R. Craig Martin**
Partner
Global Co-Chair Restructuring

T  +1 302 468 5655
F  +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Monday, August 5, 2024 9:34:33 AM
**To:** Martin, Craig <craig.martin@us.dlapiper.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>

**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Stier, Erik <Erik.Stier@us.dlapiper.com>
**Subject:** RE: BYJU's Involuntaries

 **EXTERNAL MESSAGE**

Good morning Craig and Rick.

Can we expect to get your comments to the Scheduling Order today?  We would like to nail that down as soon as we can.

Related to scheduling, please let us know Shaji Puthalath's availability for an in-person deposition Aug. 15-20, as requested by Sarah's 7/27 email.  To clarify the correspondence below, as maybe there was some confusion, we'd also like the current officers (as opposed to directors) of each of the Alleged Directors.  I've heard that Riju Ravindran may be the CEO of at least Neuron Fuel, and whether it's him or someone else, do want the list of officers of each Alleged Debtor, so we can evaluate additional deposition requests.

Finally, when can we start getting documents?  In Sarah's 7/27 email, we voluntarily narrowed our original 6/5 requests, then requested documents on a rolling basis to be completed by 8/9.  Let's discuss — and maybe we couple this with a broader call on where we're at writ large — as I feel like we're being left with little option but to move to compel to protect our rights.

If a call would be helpful, my schedule is flexible today.

Ravi

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2027
**F** +1 312 862 2200

ravi.shankar@kirkland.com

---

**From:** Martin, Craig <craig.martin@us.dlapiper.com>
**Sent:** Friday, August 2, 2024 8:53 AM
**To:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Stier, Erik <Erik.Stier@us.dlapiper.com>
**Subject:** RE: BYJU's Involuntaries

Ravi,  Good morning.  I have been a bit out of touch this week as I had a mediation on Monday to Wednesday and am just surfacing.  Please see notes below regarding your questions.

One question for you is does your client have a debt registry of who owns the Loan and are is it able to provide transfer documents that demonstrate the transfer of the loan from inception to date?  I know some of this was attached to the involuntary petitions, but I want to make sure we have a good handle on who Glas understand currently owns the debt.  Is this something you can provide to us?  If you require a formal interrogatory and RFP on this, please let me know and we can pull one together for you.

Best Regards and thank you and your team again for the professionalism with all the moving pieces.

R. Craig Martin
Partner

T  +1 302 468 5655
F  +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



---

**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Friday, August 2, 2024 8:09 AM
**To:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>; Martin, Craig <craig.martin@us.dlapiper.com>
**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** RE: BYJU's Involuntaries

> ⚠ EXTERNAL MESSAGE

Rick, Craig, wanted to circle up with you on three fronts:

- **Negotiations.**  Any word back on the FTI and voluntary conversion discussion?  I understand that today is the outer date you had discussed with your clients to land on next steps.  Let us know if helpful to have another call today or tom.

*RCM – We understand that there was a ruling in India overnight and we hope to speak to the India team soon.  Perhaps once we touch base with them, we will have a better sense of what is possible and we can touch base with you.  I will reach back out once we have had those discussions.*

- **Schedule.**  I understand that David/Craig are in touch about Judge Shannon's new proposed date of Aug. 28, so let's circle back on the schedule (reattached) as soon as we have a firm date, so we can lock down the schedule pronto.

*RCM – Correct and I will confirm with David on that date.  We will look over the schedule further today and get back to you on that over the weekend or by Monday.*

- **Discovery.**  When can we expect (i) documents in response to our June 5th requests (*see* Sarah's Sat. (7/27) email, further focusing the scope of discovery requests and requesting rolling productions) and (ii) responses to outstanding diligence (*e.g.*, Sarah's July 29 questions, reattached)?  This includes the list of officers for each

Alleged Debtor (*see* my 7/10 email, item 1(a)) and responses to our questions re: BYJU's Alpha.  I don't want to belabor the point on the RFPs, so will just say it's been nearly two months since we served the RFPs — without counting the 2004 discovery that Alpha served on the Alleged Debtors back in Apr. 2024 — and the hearing is coming up.

*RCM – I have already responded to the question about the directors in the attached email.  I have been gathering information on Sarah's requests and will provide an interim set of responses later today.  We are also continuing to work on gathering the materials for the RFP and Byju Alpha questions you have asked.  I do not have a date yet by which those will be completed, but I am working on it.*

Let us know, we appreciate all you and Craig are doing.

Ravi

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2027
**F** +1 312 862 2200

ravi.shankar@kirkland.com

**From:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Sent:** Tuesday, July 30, 2024 6:13 PM
**To:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Martin, Craig <craig.martin@us.dlapiper.com>
**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** Re: BYJU's Involuntaries

Thanks.

Get Outlook for iOS

**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Tuesday, July 30, 2024 5:54:34 PM
**To:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>; Martin, Craig <craig.martin@us.dlapiper.com>
**Cc:** Dean, David <DDean@coleschotz.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** RE: BYJU's Involuntaries

⚠ EXTERNAL MESSAGE

Rick, as promised, here's the proposed scheduling order (which remains under internal review).  You'll note that a few of these dates were already flagged by Sarah in her Saturday email.

Ravi

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654

T +1 312 862 2027
F +1 312 862 2200

ravi.shankar@kirkland.com

---

**From:** Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Sent:** Tuesday, July 30, 2024 10:31 AM
**To:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Martin, Craig <craig.martin@us.dlapiper.com>; Nash, Patrick J. <patrick.nash@kirkland.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** RE: BYJU's Involuntaries

Apologies, but running a couple of minutes late.  Will join shortly.


Richard A. Chesley
Co-US Managing Partner
Global Managing Partner

T  +1 312 368 3430
F  +1 312 630 5330
M  +1 847 858 6133
richard.chesley@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com




-----Original Appointment-----
**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Monday, July 29, 2024 11:34 AM
**To:** Shankar, Ravi Subramanian; Chesley, Rick; Martin, Craig; Nash, Patrick J.; Schartz, Brian; Howell, Richard U. S.; Kimmer, Sarah
**Subject:** BYJU's Involuntaries
**When:** Tuesday, July 30, 2024 10:30 AM-11:00 AM (UTC-06:00) Central Time (US & Canada).
**Where:** https://kirkland.zoom.us/j/99814880469?pwd=V2fwvDbfrOeZWDoyqc6X14HaDkci3e.1


⚠ EXTERNAL MESSAGE

Ravi Shankar is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://kirkland.zoom.us/j/99814880469?pwd=V2fwvDbfrOeZWDoyqc6X14HaDkci3e.1

Meeting ID: 998 1488 0469
Passcode: 949784
One tap mobile
+13126266799,,99814880469#,,,,,,0#,,949784# US (Chicago)
+13092053325,,99814880469#,,,,,,0#,,949784# US
Join by SIP

99814880469@zoomcrc.com

Meeting ID:  998 1488 0469
Passcode: 949784

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 309 205 3325 US
    +1 646 931 3860 US
    +1 301 715 8592 US (Washington DC)
    +1 305 224 1968 US
    +1 646 558 8656 US (New York)
    +1 386 347 5053 US
    +1 507 473 4847 US
    +1 564 217 2000 US
    +1 669 444 9171 US
    +1 669 900 6833 US (San Jose)
    +1 689 278 1000 US
    +1 719 359 4580 US
    +1 253 205 0468 US
    +1 253 215 8782 US (Tacoma)
    +1 346 248 7799 US (Houston)
    +1 360 209 5623 US
    +44 208 080 6591 United Kingdom
    +44 208 080 6592 United Kingdom
    +44 330 088 5830 United Kingdom
    +44 131 460 1196 United Kingdom
    +44 203 481 5237 United Kingdom
    +44 203 481 5240 United Kingdom
    +44 203 901 7895 United Kingdom
    0 800 456 1369 United Kingdom Toll-free
    0 800 031 5717 United Kingdom Toll-free
    0 800 260 5801 United Kingdom Toll-free
    0 800 358 2817 United Kingdom Toll-free
    +32 2 588 4188 Belgium
    +32 2 788 0172 Belgium
    +32 2 788 0173 Belgium
    +32 1579 5132 Belgium
    +32 2 290 9360 Belgium
    +32 2 585 5574 Belgium
    +49 69 5050 0952 Germany
    +49 695 050 2596 Germany
    +49 69 7104 9922 Germany
    +49 69 3807 9883 Germany
    +49 69 3807 9884 Germany
    +49 69 5050 0951 Germany
    +852 5803 3730 Hong Kong SAR
    +852 5803 3731 Hong Kong SAR
    +852 5808 6088 Hong Kong SAR
Meeting ID: 998 1488 0469
Passcode: 949784
Find your local number: https://kirkland.zoom.us/u/adi7UEhNsZ

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
221.122.88.195 (Mainland China)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia Sydney)
103.122.167.55 (Australia Melbourne)
209.9.211.110 (Hong Kong SAR)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
159.124.132.243 (Mexico)
159.124.168.213 (Canada Toronto)
65.39.152.160 (Canada Vancouver)
207.226.132.110 (Japan Tokyo)
149.137.24.110 (Japan Osaka)
Meeting ID: 998 1488 0469
Passcode: 949784

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Exhibit J

| | |
|---|---|
| **From:** | Martin, Craig <craig.martin@us.dlapiper.com> |
| **Sent:** | Monday, August 12, 2024 9:20 AM |
| **To:** | Shankar, Ravi Subramanian; Chesley, Rick |
| **Cc:** | 'Dean, David'; Schartz, Brian; Howell, Richard U. S.; Kimmer, Sarah |
| **Subject:** | Re: BYJU's |

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

I am tied up on calls and some personal errands until about 2 or 3 ET. Can I call you later this evening?  Maybe around 4 or 5 ET?

**R. Craig Martin**
Partner
Global Co-Chair Restructuring

T  +1 302 468 5655
F  +1 302 778 7834
M  +1 267 975 7962
craig.martin@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

---

**From:** Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>
**Sent:** Monday, August 12, 2024 9:57:41 AM
**To:** Martin, Craig <craig.martin@us.dlapiper.com>; Chesley, Rick <Richard.Chesley@us.dlapiper.com>
**Cc:** 'Dean, David' <DDean@coleschotz.com>; Schartz, Brian <bschartz@kirkland.com>; Howell, Richard U. S. <rhowell@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Subject:** BYJU's

⚠ EXTERNAL MESSAGE

Craig — just tried you, you got a sec to connect today?

Know you caught up with David yesterday, and I wanted to sync up with you on the forthcoming discovery game plan, incl. documents and depos, so we can do this efficiently and organized.

Ravi

**Ravi Subramanian Shankar**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 2027
F +1 312 862 2200

ravi.shankar@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.