**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Epic! Creations, Inc., *et al.*,[1] | ) Case No. 24-11161 (JTD) |
| | ) |
| Alleged Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:** August 21, 2024 at 10:30 a.m. (ET) |
| | ) **Objection Deadline:** At the Hearing |
| | ) |
| | ) **Re: Docket Nos. 98 & 105** |

**PETITIONING CREDITORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE FILING UNDER SEAL OF CERTAIN PORTIONS OF THE**
**PETITIONING CREDITORS' MOTION FOR DISCOVERY SANCTIONS**

The petitioning creditors (the "Petitioning Creditors")[2] of the above-captioned alleged

debtors and debtors in possession (collectively, the "Alleged Debtors"), by and through their

undersigned counsel, hereby submit this motion (the "Motion") seeking entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the

Petitioning Creditors to file under seal certain portions of the *Petitioning Creditors' Motion for*

*Discovery Sanctions* [Docket No. 98] (the "Discovery Motion").  Pursuant to Rule 9018-1(d) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), the Petitioning Creditors have filed concurrently

herewith a proposed redacted form of the Discovery Motion[3] (the "Proposed Redacted Document")

on the public docket.  *See* Docket No. 105.  In support of this Motion, the Petitioning Creditors

---

[1] The Alleged Debtors in these chapter 11 cases, along with the last four digits of each Alleged Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2] The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the Credit Agreement (as defined in the *Petitioning Creditors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 4]) and (ii) certain lenders under the Credit Agreement (the "Petitioning Lender Creditors").

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Discovery Motion.

respectfully state as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Petitioning Creditors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders or judgments herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, §§ 101–1532, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

## Background

4.      On June 5, 2024 (the "Petition Date"), the Petitioning Creditors filed involuntary chapter 11 bankruptcy petitions against Epic! Creations, Inc. [Case No. 24-11161, Docket No. 1], Neuron Fuel, Inc. [Case No. 24-11162, Docket No. 1], and Tangible Play, Inc. [Case No. 24-11163, Docket No. 1], which cases are jointly administered under Case No. 24-11161.

5.      On August 13, 2024, the Petitioning Creditors filed the Discovery Motion under seal with this Court.

6.      Prior to filing this Motion, the Petitioning Creditors conferred with the Alleged Debtors regarding the proposed redactions to the Discovery Motion.  To avoid prejudice or harm

to the Alleged Debtors, the parties have agreed to redact certain information in the Discovery Motion identified by the parties as confidential and commercially sensitive.

## **Relief Requested**

7.     By this Motion, the Petitioning Creditors request entry of the Proposed Order attached hereto as **<u>Exhibit A</u>** authorizing the Petitioning Creditors to file under seal <u>Exhibit G</u> to the Discovery Motion and a portion of one sentence on page 4 of the Discovery Motion, which contains the Alleged Debtors' confidential financial information (the "<u>Confidential Information</u>"). In addition, the Petitioning Creditors request that the Confidential Information not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") and the Alleged Debtors, unless otherwise ordered by the Court.

## **Basis for Relief Requested**

8.     Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9.     Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade

3

secret or other confidential research, development, or commercial information[.]" Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d)(i) states, in relevant part, that "[a]ny entity seeking to file a document under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i).

10.    If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass 'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

11.    "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could

4

reasonably be expected to cause the entity commercial injury").  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

12.     The Confidential Information is sourced from nonpublic, confidential financial information provided by the Alleged Debtors to the Petitioning Creditors after the filing of the involuntary petitions.  Specifically, the Confidential Information consists of confidential details concerning (i) certain transfers made by the Alleged Debtors and (ii) the Alleged Debtors' financial condition.  The Alleged Debtors produced such information on a confidential basis and have requested that <u>Exhibit G</u> to the Discovery Motion and a portion of one sentence on page 4 of the Discovery Motion remain under seal. The Petitioning Creditors do not object to the sealing of the Confidential Information and request that the sealing of the Confidential Information be approved through this Motion.

13.     For the reasons set forth herein, the Petitioning Creditors respectfully request the Court grant the Motion and seal the Confidential Information.

<u>**Compliance With Local Rule 9018-1(d)**</u>

14.     To the best of the knowledge, information, and belief of the undersigned counsel to the Petitioning Creditors, the Confidential Information that the Petitioning Creditors request to seal pursuant to the relief requested in this Motion contains information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

15.     The undersigned counsel certifies that good faith discussions have been held with counsel to the Alleged Debtors (the Holders of Confidentiality Rights), and that the parties have

reached agreement concerning the redactions to be made to the publicly-filed copy of this Motion. *See* Local Rule 9018-1(d)(iv)).

16.     Contemporaneously herewith, the Petitioning Creditors have filed the Proposed Redacted Document on the public docket.

## Notice

17.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the Alleged Debtors; and (iii) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Petitioning Creditors submit that no other or further notice need be given.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Petitioning Creditors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

*[Remainder of this page intentionally left blank.]*

67600/0001-48311238

Dated: August 19, 2024

/s/ Peter J. Keane

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:            ljones@pszjlaw.com
                       pkeane@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Ravi Subramanian Shankar (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:            patrick.nash@kirkland.com
                       rhowell@kirkland.com
                       ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:            brian.schartz@kirkland.com

-and-

**REED SMITH LLP**
David A. Pisciotta (admitted *pro hac vice*)
Nicholas B. Vislocky (admitted *pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone:    (212) 521-5400
Facsimile:     (212) 521-5450
Email:            dpisciotta@reedsmith.com
                       nvislocky@reedsmith.com

*Counsel to GLAS Trust Company LLC*

/s/ G. David Dean

**COLE SCHOTZ P.C.**
G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:     (302) 652-3117
Email:  ddean@coleschotz.com
             jalberto@coleschotz.com

-and-

Seth Van Aalten (admitted *pro hac vice*)
Sarah Carnes (admitted *pro hac vice*)
Bryant P. Churbuck (admitted *pro hac vice*)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:     (212) 752-8393
Email:  svanaalten@coleschotz.com
             scarnes@coleschotz.com
             bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**
Joel Moss (admitted *pro hac vice*)
Richard A. Stieglitz Jr. (admitted *pro hac vice*)
Sesi Garimella (admitted *pro hac vice*)
Jordan Wishnew (admitted *pro hac vice*)
32 Old Slip
New York, NY 10005
Telephone:    (212) 701-3000
Facsimile:     (212) 269-5420
Email:  jmoss@cahill.com
             rstieglitz@cahill.com
             sgarimella@cahill.com
             jwishnew@cahill.com

*Counsel to the Petitioning Lender Creditors*

7