**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EPIC! CREATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11161 (JTD)<br><br>(Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE OF HEARING ON CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (III) GRANTING SENIOR POSTPETITION SECURITY INTERESTS, AND ACCORDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO SECTIONS 364(C) AND 364(D) OF THE BANKRUPTCY CODE, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, AND (VI) GRANTING RELATED RELIEF**

Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of Epic! Creations, Inc. ("Epic"), Neuron Fuel, Inc. ("Neuron Fuel"), and Tangible Play, Inc. ("Tangible Play," together with Epic and Neuron Fuel, collectively the "Debtors"), respectfully moves (the "Motion to Shorten") as follows:

## RELIEF REQUESTED

1. By this Motion to Shorten, the Debtors requests, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) shortening the notice period for the hearing on the *Chapter*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

*11 Trustee's Motion for Entry Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Authorizing the Chapter 11 Trustee to Obtain Postpetition Financing, (III) Granting Senior Postpetition Security Interests, and According Superpriority Administrative Expense Status Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, (IV) Granting Adequate Protection, (V) Modifying The Automatic Stay, and (VI) Granting Related Relief* (the "Motion"),[2] filed contemporaneously herewith, *inter alia*, (i) authorizing the Trustee to use Cash Collateral; (ii) authorizing the Trustee to obtain postpetition secured financing on the terms set forth in the DIP Credit Facility Documents; (iii) granting liens and providing superpriority claims with respect to such postpetition financing; (iv) approving the form of adequate protection to be provided by the Trustee to the Prepetition Secured Parties; (v) modifying the automatic stay to the extent necessary to effectuate the terms and conditions of the Interim Order; (vi) scheduling an interim hearing (the "Hearing") to consider entry of the Order and related relief on October 31, 2024 at 11:00 AM EDT, and (vii) permitting parties to file objections, if any, to the Motion no later than the time of the Hearing.

## JURISDICTION

2. The Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion to Shorten is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Rule 9006-1(e) of the Local Rules.

---

[2] Capitalized terms not defined herein are used as defined in the Motion, which is incorporated herein by reference.

4. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On June 4-5, 2024, (the "Petition Date"), GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the November 24, 2021, Credit and Guaranty Agreement (the "Credit Agreement") and certain lenders under the Credit Agreement (the "Prepetition Lenders" filed an involuntary chapter 11 petition against each Debtor. [D.I. 1]

6. On June 27, 2024, this Court entered an order directing joint administration of the Debtors' cases for procedural purposes. [D.I. 61].

7. On September 16, 2024 (the "Order for Relief Date"), this Court entered an order for relief in the Debtors' involuntary chapter 11 cases and directed the appointment of a chapter 11 trustee as a default sanction based on the Debtors' failure to comply with their discovery obligations to GLAS and the Petitioning Lender Creditors. [D.I. 147]

8. On September 23, 2024, the United States Trustee for Region 3 (the "U.S. Trustee") duly appointed the Claudia Z. Springer as chapter 11 trustee (the "Trustee") of each Debtor, subject to approval by the Court. [D.I. 152]

9. On October 7, 2024, this Court entered the *Order Approving the Appointment of Claudia Z. Springer as Chapter 11 Trustee*. [D.I. 180]

10. On October 10, 2024, the Trustee filed a *Motion for Entry of Order (I) Authorizing Chapter 11 Trustee to (A) Hire Certain Affiliate Employees ss Independent*

*Contractors; and (B) Pay Certain Prepetition Claims of Critical Vendors; (II)Authorizing Financial Institutions to Honor and Process Related Checks and Transfers and (III) Granting Related Relief*. [D.I. 190]

11. On October 10, 2024, the Trustee filed a *Motion for Entry of Order (I) Authorizing Chapter 11 Trustee to (A) Pay and Honor Certain Prepetition Employee Obligations and (B) Continue the Debtors Employee Compensation and Benefit Programs Postpetition; (II) Authorizing and Directing Financial Institutions to Honor All Related Checks and Electronic Payment Requests and (III) Granting Related Relief* [D.I. 191] (the "Wages Motion").[3]

12. On October 10, 2024, the Trustee filed a *Declaration of Claudia Z. Springer in Support of First Day Motions*. [D.I. 193]

13. No examiner or statutory committee of unsecured creditors has been appointed in these Chapter 11 Cases.

14. Over the last few weeks, the Trustee and GLAS (the "Parties") have worked preparing a DIP Term Sheet and acceptable budget to annex to the Interim DIP Order. The DIP Term Sheet consists of proposed terms of the DIP Credit Facility to fund the immediate payroll obligations of the Employees (defined below), fund other operating expenses, including restoration of fundamental operating systems, as well as the administrative costs of these Chapter 11 Cases and other specified uses of the DIP Loans specifically set forth in the DIP Credit Facility Documents.

15. The Debtors continue to employ individuals (the "Employees") whose skills and familiarity of Debtors' infrastructure, customers, and business operations are essential as part of its business operations. Debtors' obligations to the Employees, including compensation, will

[3] A Certification of Counsel as it related to the Wages Motion was filed on October 28, 2024. *See* D.I. 215.

continue to be critically important in the Trustee's efforts to stabilize the Debtors' businesses and achieve a successful restructuring.

16. The Trustee believes that, without making payments of compensation to the Employees, they may become demoralized and unproductive which would lead them to seek work elsewhere. As Debtors' businesses are tied to the workforce of the Employees, a reduction in the workforce would materially impair to the detriment of all stakeholders, and it would also diminish the potential for a successful restructuring. The Trustee also requires funds to continue efforts to stabilize and maintain the Debtors' operations.

17. Although the Motion to Shorten seeks to provide only three (3) days' notice of the hearing, time pressures to allow the Debtor to continue operating as a going concern warrants such shortened notice, especially in light of the diligent efforts of the Trustee working with the DIP Lenders to consensually create the DIP Term Sheet and DIP Credit Facility. Moreover, the Trustee is only seeking the entry of the Interim DIP Order at the Hearing, with full notice to be provided to all necessary parties in interest prior to the to be scheduled Final Hearing and consideration of the Final DIP Order.

**CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)**

18. In accordance with Local Rule 9006-1(e), on the date hereof, the Trustee contacted counsel to the Office of the United States Trustee (the "U.S. Trustee") to ascertain if each party would oppose permitting the Motion to be heard on October 31, 2024. The U.S. Trustee did not oppose the Motion to Shorten.

**BASIS FOR RELIEF**

19. Bankruptcy Rule 4001 provides that "[t]he court may commence a final hearing on a motion for authority to obtain credit no earlier than fourteen (14) days after service of the motion." Fed. R. Bankr. P. 4001(c)(2). Further, as a default, Local Rule 9006-1(c)(ii)

provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

20. Pursuant to section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1) (2018). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id*. § 105(a).

21. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

22. The Parties have been working diligently to negotiate a DIP Credit Facility that would be acceptable to both the DIP Lenders and the Trustee. Given the complexities of these Chapter 11 Cases, the Trustee submits that the DIP Credit Facility was finalized as soon as reasonably practicable, which is why the Trustee could not submit the instant motion on a normal notice period.

23. Time is of the essence and the Trustee requires immediate cash on hand to fund its immediate payroll needs and operate the Debtors' businesses. If the Trustee was required to wait for the Motion to be granted following the default fourteen-day period, there is a substantial

and real risk the Debtors' businesses would cease to operate as a going concern, which might result in a possible denial of discharge or conversion of these Chapter 11 Cases.

24. Therefore, the Trustee respectfully submits that shortening notice of the Motion as requested herein is reasonable under the circumstances. Further, granting the requested relief will not unfairly prejudice the Debtors' creditors or other parties in interest because of the interim nature of the relief sought.

25. For these reasons, the Trustee respectfully submits that allowing the Motion to be considered on shortened notice at a hearing on October 31, 2024, is reasonable and appropriate under the circumstances.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form of the proposed order, attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*intentionally left blank*]

Dated: October 29, 2024
Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Alexis R. Gambale*
Henry J. Jaffe (No. 2987)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
824 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: hjaffe@pashmanstein.com
jbarsalona@pashmanstein.com
agambale@pashmanstein.com

-and-

**JENNER & BLOCK LLP**
Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Email: csteege@jenner.com
mroot@jenner.com
wwilliams@jenner.com

*Co-Counsel to the Trustee*