IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EPIC! CREATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11161 (JTD)<br><br>(Jointly Administered)<br><br>**RE: D.I. 190** |

### ORDER (I) AUTHORIZING CHAPTER 11 TRUSTEE TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS; (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Claudia Z. Springer, not individually but solely as chapter 11 trustee (the "Trustee") of the debtors (collectively, the "Debtors") in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases"), for entry of an order (this "Order"): (i) authorizing, but not directing, the Trustee to pay certain prepetition amounts owed to Critical Vendors; (ii) authorizing and directing financial institutions to receive, process, honor and pay all checks issued and electronic requests made relating to the foregoing; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the Springer Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Trustee consenting to entry of a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or in the Springer Declaration, as applicable.

found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Trustee is authorized and empowered, but not directed, in the reasonable exercise of her business judgment, to pay some or all of the amounts owed to any Overseas Employee(s) whose services the Trustee determines are critical to operating the Debtors' businesses and/or preserving the value of their estates in an aggregate amount not to exceed $280,000, upon such terms and in the manner provided for in this Order and the Motion.

3. The Trustee is authorized and empowered, but not directed, in the reasonable exercise of her business judgment, to pay some or all of the other prepetition Critical Vendor Claims in an aggregate amount not to exceed $120,000, upon such terms and in the manner provided for in this Order and the Motion.

4. The Trustee is further authorized to seek Customary Trade Terms during the pendency of and after this Chapter 11 Case, *provided that* the Trustee's inability to enter into Customary Trade Terms shall not preclude it from paying a Critical Vendor Claim when, in the exercise of her reasonable business judgment, such payment is necessary to the Debtors' reorganization.

5. If a Critical Vendor has received payment of its Critical Vendor Claim, but later fails to comply with the Customary Trade Terms between the Critical Vendor and the applicable Debtor, or such other terms as were individually agreed to between the applicable Debtor and such Critical Vendor, the Trustee reserves the right, in her discretion, to seek entry of an order, after notice and an opportunity to object, declaring that (i) any payments made on account of the Critical Vendor Claim to such Critical Vendor after the Order for Relief Date may, in the Trustee's sole discretion, either be deemed applied to postpetition amounts payable to such Critical Vendor, or the Trustee may treat the payment as a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Trustee may recover in cash or in goods from such Critical Vendor (including by setoff against postpetition obligations); or (ii) the Critical Vendor shall immediately return the payment of its claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and the Critical Vendor shall be reinstated in such an amount so as to restore the applicable Debtor and the Critical Vendor to their original positions.

6. With respect to any Critical Vendor that receives a payment on account of its Critical Vendor Claim and is an executory contract counterparty, to the extent the Trustee rejects such Critical Vendor's executory contract, the Trustee shall commence an adversary proceeding within five (5) business days of the effective date of such rejection to recover the amount of the critical vendor payment and any damages related thereto if the Critical Vendor does not return the critical vendor payment to the applicable Debtor beforehand.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

the Trustee's or Debtors' designation of any particular check or electronic payment request as approved by this Order.

8. The Trustee is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Critical Vendor obligations.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the validity of any prepetition claim against the Debtors; (b) a waiver of the Trustee's or Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trustee or Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Trustee expressly reserves her right to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

10. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to any orders entered by the Court in these chapter 11 cases approving any debtor in possession financing and use of cash collateral (collectively, the "DIP Orders"). To the extent there is any conflict between this Order and the DIP Orders, the DIP Orders shall govern.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Trustee and Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

**Dated: October 29th, 2024**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE