IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EPIC! CREATIONS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11161 (JTD)<br><br>(Jointly Administered)<br><br>**RE: D.I. 191** |

**ORDER (I) AUTHORIZING, BUT NOT DIRECTING, CHAPTER 11 TRUSTEE TO (A) PAY AND HONOR CERTAIN GAP PERIOD EMPLOYEE OBLIGATIONS AND (B) CONTINUE THE DEBTORS' EMPLOYEE COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Claudia Z. Springer, not individually but solely as chapter 11 trustee (the "Trustee") of the debtors (collectively, the "Debtors") in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases"), for entry of an order (this "Order"): (i) authorizing, but not directing, the Trustee to (a) pay and honor certain Gap Period employee-related obligation and (b) continue the Debtors' employee compensation and benefits programs in the ordinary course of their businesses on a postpetition basis; (ii) authorizing and directing financial institutions to receive, process, honor and pay all checks issued and electronic requests made relating to the foregoing; and (iii) granting related relief, all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon the Springer Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or in the Springer Declaration, as applicable.

29, 2012; and the Trustee consenting to entry of a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis to the extent set forth herein.

2. The Trustee is authorized and empowered, but not directed, to honor and pay during the pendency of these Chapter 11 Cases, in the Trustee's sole discretion (subject to the terms of this Order), up to $229,791.66 in outstanding obligations of the Debtors that arose during the Gap Period on account of the Employee Obligations, at such time when such Employee Obligations are payable.

3. The Trustee is authorized and empowered, but not directed, to pay all costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals (including ADP, Inc.) in the ordinary course of business.

4. The Trustee is authorized and empowered to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

5. The Trustee is authorized and empowered, but not directed, to continue to the Employee Programs in the ordinary course of business on a postpetition basis, in accordance with the Debtors' prepetition policies and practices and in the Trustee's sole discretion (subject to the terms of this Order), and to pay and honor claims related thereto arising after the Order for Relief Date.

6. The Trustee is authorized and empowered, but not directed, following consultation with counsel to GLAS, to continue to provide severance in accordance with historical practices, not to exceed two weeks of severance pay for each full year of completed service prior to the applicable termination date plus up to three months of COBRA reimbursement on a post-petition basis, solely for the benefit of non-Insider Employees who are terminated after the Order for Relief Date.

7. Notwithstanding any other provision of this Order, no payments on account of compensation earned within 180 days before the filing of the petitions in these cases shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the Employee Obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment (to the extent of funds on deposit), and all such banks and financial institutions are authorized to rely on the Trustee's or Debtors' designation of any particular check or electronic payment request as approved by this Order.

9. The Trustee is authorized and empowered, in her sole discretion, to issue new postpetition checks, or effect new funds transfers on account of the Employee Obligations to

replace any prepetition checks or funds transfer requests issued that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases.

10. The banks and financial institutions subject to this Order shall have no liability in connection with honoring any prepetition checks or funds transfer requests contemplated by this Order.

11. Nothing in this Order or any action taken by the Trustee or Debtors in furtherance of the implementation hereof shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Trustee's and Debtors' rights with respect to such matters are expressly reserved.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Trustee's or Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trustee or Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Trustee expressly reserves her and the Debtors' rights to contest the extent, validity, perfection, or to seek avoidance of all such liens.

13. Nothing in this Order should be construed as approving any transfer pursuant to section 503(c), and a separate motion will be filed, following consultation with counsel to GLAS,

for any request that could reasonably be deemed to fall within the scope of section 503(c); no payment to any individual may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code; and this Order does not implicitly or explicitly approve any severance plan, bonus plan, incentive plan or other plan covered by section 503(c) of the Bankruptcy Code.

14. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to any orders entered by the Court in these Chapter 11 Cases approving any debtor in possession financing and use of cash collateral (collectively, the "DIP Orders"). To the extent there is any conflict between this Order and the DIP Orders, the DIP Orders shall govern.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Trustee and Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 29th, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE