IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF CHATURA RANDENIYA IN SUPPORT OF SERVICE OF
(A) THE TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) ENFORCING THE AUTOMATIC STAY, (II) DECLARING VIOLATIONS OF THE
AUTOMATIC STAY TO BE VOID *AB INITIO*, (III) AWARDING FEES, EXPENSES,
AND PUNITIVE DAMAGES, AND (IV) GRANTING REALTED RELIEF;
AND (B) THE ORDER SETTING A HEARING ON THE MOTION**

I, Chatura Randeniya, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.  I am a Partner of Afridi & Angell, a law firm based in Dubai, United Arab Emirates (Jumeirah Emirates Towers, Office Tower, Level 35, Sheikh Zayed Road, P.O. Box 9371, Dubai, UAE). I hold an L.L.B. with honors from the University of Colombo, Sri Lanka (2004) and an L.L.M. from Harvard Law School.

2.  My practice focuses on litigation and alternative forms of dispute resolution, and I also serve as an arbitrator. I am licensed as a legal consultant with the Dubai Legal Affairs Department.

3.  I offer this Declaration in support of the service on a UAE entity, Voizzit Information Technology LLC, of the *Trustee's Emergency Motion For Entry Of An Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

*(I) Enforcing The Automatic Stay, (II) Declaring Violations Of The Automatic Stay To Be Void Ab Initio, (III) Awarding Fees, Expenses, And Punitive Damages, And (IV) Granting Related Relief* (the "<u>Motion</u>") and the Order setting a hearing on the Motion.

4. For context, I wish to state that:

    a. The UAE is a federation of seven Emirates and its legal system is based on the 1971 UAE constitution.

    b. With the exception of two financial free zones, the Abu Dhabi Global Market (ADGM) and the Dubai International Financial Centre (DIFC) located in Abu Dhabi and Dubai respectively, the UAE operates under a civil law system, with all laws promulgated in Arabic without an official English translation. Courts in the UAE (with the exception of the courts in the two financial free zones) are commonly referred to as "onshore UAE Courts". There is no doctrine of binding precedent in the onshore UAE Courts (as understood in a common law system) or a fully developed system of case reporting. All proceedings in onshore UAE Courts are conducted in Arabic.

    c. The ADGM and the DIFC are governed by their own body of laws, with an independent judicial authority and courts. The ADGM and the DIFC have a common law judicial system with their own legislation and courts. Proceedings in such courts are in English. Unless specifically provided for, the Civil and Commercial Federal laws and laws of each Emirate are not applicable in the two financial free zones. Given my understanding that Voizzit Information Technology LLC is not based within the DIFC or ADGM, I do not discuss the provisions applicable to service in these free zones.

5. I understand that the Chapter 11 Trustee served the Motion and the Order on Voizzit Information Technology LLC by electronic mail (info@voizzit.com; rajendran@voizzit.com; aswani@voizzit.com; and sreejithkunniyur@gmail.com) as well as by overnight service at Voizzit Information Technology, LLC, Business Village B Block, Port Saeed, 33846 Dubai, UAE.

6. Article 10(6) of the UAE's Civil Procedure Code (Federal Decree Law No. 42 of 2022) provides as follows with respect to local UAE process on defendants domiciled overseas: "With regard to persons who are abroad **and cannot be notified by means of technology or through private companies or offices or as agreed by the parties**, the copy shall be delivered to the Ministry of Justice so as to refer it to the Ministry of Foreign Affairs and the latter shall communicate it to them by diplomatic means, unless the notice serving methods in such case are regulated under special agreements." (emphasis added (unofficial translation).)

7. As such, the UAE Courts would look towards service of process by (a) electronic means; (b) authorized private companies[2]; or (c) methods agreed among the parties as primary methods of service process on a party domiciled outside the UAE. Should service by these means fail, service will be made through diplomatic means (unless a treaty applies). Within this context and framework, the onshore UAE Courts permit service of process on defendants domiciled overseas by electronic mail where an electronic mail address is attainable. Note that in the UAE, private parties (including legal counsel) cannot serve summons (including by email) without the permission of court. Ordinarily the emails are issued by the UAE courts directly.

---

[2] For which provision was made under the recent Cabinet Decision 2 of 2024.

3422503.1

8. There are no express provisions under UAE law which address the service of foreign process in the UAE. In practice, and while noting that there is no system of binding precedent in onshore UAE Courts, the method of service of UAE process on defendants domiciled overseas is followed in reverse for service of foreign process on defendants domiciled in the UAE.

9. Accordingly, because a defendant domiciled overseas may be served with UAE Court process by electronic mail, service by the Chapter 11 Trustee of Voizzit Information Technology LLC by electronic mail authorized by the relevant court ought to be accepted as valid service of the Motion and the Order on that entity under UAE law.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to my knowledge, information and belief.

Dated: November 8, 2024

Chatura Randeniya