THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>EPIC! CREATIONS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11161 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Jan. 22, 2025 at 10:00 a.m. ET<br>Objection Date: Dec. 18, 2024 at 4:00 p.m. ET |

**APPLICATION OF CLAUDIA Z. SPRINGER, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF SC&H GROUP, INC. TO PROVIDE INVESTMENT BANKING AND ADVISORY SERVICES FOR THE SALE TRANSACTIONS OF TANGIBLE PLAY, INC. AND NEURON FUEL, INC. EFFECTIVE NUNC PRO TUNC AS OF THE ENGAGEMENT DATE**

Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of authorizing the retention and employment of SC&H Group, Inc. ("SC&H") to provide investment banking and financial advisory services to the Trustee effective *nunc pro tunc* as of November 19, 2024 (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

1

"Engagement Date").² In support of this Application, the Trustee relies upon, and incorporates by reference, the *Declaration of Kenneth W. Mann in Support of the Application of Claudia Z. Springer, Chapter 11 Trustee, for Entry of an Order Under Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing the Retention and Employment of SC&H Group, Inc. to Provide Investment Banking and Advisory Services for the Sale Transactions of Tangible Play, Inc. and Neuron Fuel, Inc. Effective as of the Engagement Date* (the "Mann Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of the Debtors' chapter 11 cases and the Application in this Court is proper pursuant to 28 U.S.C. § 1408.

2. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

---

² While the Trustee is also retaining Moelis & Company, LLC ("Moelis") to provide investment banking services, SC&H will not duplicate Moelis's services. The Trustee seeks to retain Moelis related to the sale transaction of Epic! Creations, Inc. The Trustee seeks to retain SC&H related to the sale transactions of Tangible Play, Inc. and Neuron Fuel, Inc.

**BACKGROUND ON THE DEBTORS**

4.  The Debtors' ultimate parent company, Think & Learn Private Ltd. ("T&L"), incorporated in India, was once one of the most successful start-ups worldwide, and, at one time, was valued at $22 billion. T&L and its affiliates do business under the trade name "BYJU's," and their eponymous founder, Byju Raveendran, built the companies to offer educational software across the globe.

5.  Prior to being acquired by T&L, the Debtors were founded as innovative Silicon Valley start-ups that conducted business at the intersection of education and technology, focused on providing interactive educational services to children at home and in classrooms in the United States and abroad.

**PROCEDURAL HISTORY**

6.  On June 4 and 5, 2024 (the "Petition Dates"), GLAS Trust Company LLC, in its capacity as administrative and collateral agent under that certain Credit and Guaranty Agreement dated November 24, 2021, and certain lenders under that Agreement (the "Petitioning Creditors") filed an involuntary chapter 11 petition against each Debtor. [D.I. 1].

7.  On June 27, 2024, this Court entered an order directing joint administration of the Debtors' cases for procedural purposes. [D.I. 61].

8.  On June 27, 2024, this Court entered the 303(f) Order[3] prohibiting the Debtors from transferring any of their respective property interests outside the ordinary course of business until the Court ruled on the involuntary petitions. *Id.* § 1. The 303(f) Order also required the Debtors to provide weekly financial reports to the petitioning creditors disclosing all disbursements of estate

---

[3] *Consent Order Granting the Petitioning Creditors' Emergency Motion under 11 U.S.C. §§ 105(a) and 303(f) for Entry of an Order (A) Prohibiting the Alleged Debtors from Using Estate Assets for Non-Ordinary Course Purposes and (B) Requiring the Alleged Debtors to Provide Weekly Disclosures* [D.I. 69] (the "303(f) Order").

3

funds. *Id.* § 2.

9. On August 19, 2024, the Court approved an amended protective order governing discovery between the Petitioning Creditors and the Debtors [D.I. 111] (the "Protective Order").

10. On September 16, 2024 (the "Order for Relief Date"), this Court entered an order for relief in the Debtors' involuntary Chapter 11 Cases and directed the appointment of a chapter 11 trustee. [D.I. 147].

11. On September 23, 2024, the United States Trustee for Region 3 duly appointed Claudia Z. Springer as chapter 11 trustee of each Debtor, subject to approval by the Court. [D.I. 152]. On October 7, 2024, this Court entered an order approving the appointment of the Trustee. [D.I. 180].

12. A more detailed description of the Debtors' businesses, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Claudia Z. Springer in Support of First Day Motions* (the "Springer Declaration") [D.I. 193].

## RELIEF REQUESTED

13. The Trustee desires to retain and employ SC&H to provide consulting and advisory services to the Trustee. By this Application, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Trustee to employ and retain SC&H, effective as of the Engagement Date, to provide consulting and advisory services during these Chapter 11 Cases, pursuant to and in accordance with the terms and conditions set forth in that certain engagement agreement (the

"Engagement Agreement"), a copy of which is attached hereto as **Exhibit C**.[4]

## APPLICATION TO EMPLOY AND RETAIN SC&H

14. The Trustee has determined, in the exercise of her business judgment, that she requires the services of a consultant and advisor to aid the Trustee in marketing and negotiating one or more sale transaction(s) for its assets. Engaging a consultant and advisor will ensure that the highest price possible is paid for the Debtor's assets. The Trustee further believes that SC&H is well-qualified to provide its services to the Trustee in a cost-effective, efficient, and timely manner. SC&H will coordinate with the other retained professionals in the Chapter 11 Case to eliminate unnecessary duplication or overlap of work. Retaining such an advisor will enable the Trustee to carry out her duties in the Chapter 11 Cases and maximize the value of the Debtors' estate for the benefit of all stakeholders through the sale of the Debtors' assets.

15. SC&H is an investment banking firm with its principal office located at 910 Ridgebrook Road, Sparks, Maryland 21152. SC&H specializes in turnarounds, financial restructuring, consulting, refinancing, sales as going concerns, the purchase of chattels and real property, and the liquidation of the assets of financially troubled companies. SC&H also has substantial experience in advertising and marketing for the purposes of locating investors and joint venture partners, selling as "going concerns" or otherwise disposing and refinancing major properties, including properties and related establishments owned or leased by debtors involved in bankruptcy proceedings.

16. SC&H provides a broad range of consulting, advisory, and investment banking

---

[4] The summaries of the Engagement Agreement in this Application are qualified by reference to the provisions of the Engagement Agreement. To the extent there is any discrepancy between such summaries and the terms set forth in the Engagement Agreement, the terms of the Engagement Agreement shall control. Capitalized terms used and not otherwise defined in this Application have the meanings ascribed to them in the Engagement Agreement.

services to its clients including: (a) general corporate finance; (b) mergers, acquisitions, and divestitures; (c) corporate restructuring; (d) special committee assignments; and (e) capital raising.

17. With more than 100 years of combined experience, SC&H has assisted in the reorganization and restructuring of more than 500 distressed companies, both out of court and in chapter 11 case. SC&H's business reorganization professionals have served as financial advisors and/or investment bankers in hundreds of bankruptcy cases, including: *Quality Heating & Air-Conditioning Co., Inc.,* 1:23-10354 (Bankr. D. Del. March 27, 2023); *Astech Engineered Products, Inc.*, 1:22-bk-10635 (Bankr. D. Del. Jul. 15, 2022), *E-Box, LLC*, 2:22-bk-23526 (Bankr. W.D. Tenn. Aug. 23, 2022), *Glen Hope Harbor, Inc*., 1:22-bk-10146 (Bankr. W.D. Tex. Mar. 7, 2022), *CCX, Inc*., 22-bk-10252 (Bankr. D. Del. Mar. 27, 2022).

18. The Trustee has selected SC&H as its consultant and advisor based upon, among other things, (i) the Trustee's need to retain an investment banking firm to provide services in connection with the sale of Tangible Play, Inc. and Neuron Fuel, Inc.'s assets (together, the Estates of Tangible Play, Inc. and Neuron Fuel, Inc., the "Company"), and (ii) SC&H's extensive experience and excellent reputation in providing investment banking and financial advisory services in complex chapter 11 cases.

19. By this Application, and pursuant to sections 327 and 328 of the Bankruptcy Code, the Trustee seeks an order approving the employment and retention of SC&H to provide consulting and advisory services to the Trustee effective as of the Engagement Date.

20. Section 328(a) of the Bankruptcy Code empowers a chapter 11 trustee to employ, subject to court approval, a professional to perform services for a chapter 11 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

21. In addition, pursuant to section 327 of the Bankruptcy Code, a chapter 11 trustee

may employ a professional to assist the chapter 11 trustee in carrying out the trustee's duties if that professional is disinterested, as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate.

22. In consideration of the exigencies of the circumstances, the Trustee has determined, in the exercise of its business judgment that the services of experienced financial advisors will substantially enhance its attempts to maximize the value of the Debtors' estates for the benefit of the estates' creditors. SC&H is well qualified to provide these services in light of its extensive knowledge and expertise with respect to chapter 11 proceedings as well as its knowledge of the Debtors' businesses.

23. SC&H has advised the Trustee that SC&H neither holds an adverse interest in connection with the Debtors' cases, nor represents any other entity having an adverse interest in connection with the Debtors' cases, and is disinterested, as defined in section 101(14) of the Bankruptcy Code.

24. As detailed in the Mann Declaration, SC&H has advised the Trustee that SC&H may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors' pending Chapter 11 Cases, entities that are claimants of the Debtors or other parties-in-interest in these Chapter 11 Cases. SC&H has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Debtors or these Chapter 11 Cases. The Trustee believes that SC&H is qualified to represent the Trustee in these Chapter 11 Cases.

25. The services SC&H may be required to render for the Trustee include, without limitation, the following:

    (a) Familiarize itself with the business, operations, assets, financial condition and prospects of the Company;

     (b)    Advise the Trustee in analyzing its strategic alternatives and structuring and effecting the financial aspects of any Transaction;

     (c)    Design the appropriate process to effect and initiate any Transaction, including any analysis of the various alternatives and, if appropriate, the potential Counterparties to be contacted for the Transaction;

     (d)    Prepare an information memorandum or other materials about the Company and its Business for consideration by potential Counterparties;

     (e)    Contact potential Counterparties in connection with a Transaction and require potential Counterparties to execute Confidentiality Agreements in favor of the Company, unless you have instructed us to do otherwise;

     (f)    Facilitate the development of a Virtual Data Room (VDR) with appropriate diligence materials for review by potential Counterparties;

     (g)    Circulate any information memorandum and marketing materials, provide access to the VDR or send materials to potential Counterparties, after completing confidentiality documents;

     (h)    Coordinate diligence with potential Counterparties and negotiate with and solicit offers from potential Counterparties. Advise the Trustee in structuring a Transaction and make recommendations as to whether or not a particular Transaction offer should be accepted;

     (i)    In connection with a bankruptcy proceeding governing a potential Transaction, provide any relevant testimony and if necessary, provide assistance with the submission of bid procedures to the Court and conduct any auction that may result therefrom;

     (j)    Coordinate with the Trustee's legal counsel regarding matters related to the closing of a Transaction.

26.    The Trustee seeks to retain SC&H to provide consulting and advisory services given SC&H's extensive knowledge, expertise, and experience providing investment banking services and financial advisory services in restructurings and reorganizations. The Trustee believes that retaining knowledgeable, experienced, and independent counsel to advise the Trustee is appropriate and necessary to maximize the value of the Debtors' estates and allow the Trustee

to diligently perform her duties.

27. The Trustee requests that SC&H be compensated as follows pursuant to the Engagement Agreement:

   a) **Initial Fee**. There is no initial fee.

   b) **Monthly Advisory Fees**. In addition to the other fees described herein and set forth in the Engagement Agreement, the Trustee shall be obligated to direct, and the Company shall be obligated to pay, SC&H a monthly nonrefundable cash fee of $25,000.

   c) **Sale Transaction Fee**. At the closing of a Transaction, the Trustee shall direct the Company to pay SC&H a transaction fee (the "Transaction Fee") based on Total Consideration (as defined below). The Transaction Fee shall be the amount resulting from applying the following formula to the Total Consideration:

      i. In the event that a sale is completed, a fee (the "Sale Fee") to be paid upon the closing of sale equal to the greater of $600,000 (the "Minimum Transaction Fee") or the sum of: up to and including $50 million, 2%; and greater than $50 million but less than $60 million, 1%; and greater than or equal to $60 million, 3%.

   d) **Expenses**. Whether or not any Transaction is consummated, the Trustee will direct the Company to pay all of SC&H's reasonable out-of-pocket expenses (including document and presentation material expenses, travel and lodging, telecommunications, outside research and database charges, delivery charges, and other such out-of-pocket expenses) incurred in connection with this

engagement. Reimbursement for such expenses shall be paid to SC&H by the Company within ten days of invoicing by SC&H.

28. The Trustee submits that SC&H's customary rates are reasonable. In addition, SC&H will be reimbursed for the reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, local transportation, telephone, overnight mail, messenger, meals, and other expenses relating to SC&H's engagement. Notwithstanding the Engagement Agreement, all fees and expenses due to SC&H will be billed in accordance with any interim compensation orders entered by this Court, and any relevant sections of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

29. The Trustee believes that SC&H has developed significant relevant experience and expertise regarding the unique circumstances of these Chapter 11 Cases and is both well qualified and uniquely suited to deal effectively and efficiently with matters that may arise. Accordingly, the Trustee submits that the retention of SC&H, on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estates, creditors, and other parties in interest, and should be granted in all respects.

## INDEMNIFICATION PROVISIONS

30. The Trustee and SC&H request that SC&H be indemnified on the terms set forth in the Engagement Agreement, which were negotiated at arms-length and in good faith between SC&H and the Trustee.

## NOTICE

31. No creditors' committee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to GLAS; (c) counsel to the Petitioning Lenders; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002.

The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR APPLICATION

32.    No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, Trustee respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention of SC&H to provide investment banking and financial advisory services, effective *nunc pro tunc* as of November 19, 2024, and grant such other and further relief as is just and proper.

Dated: December 4, 2024

*/s/ Claudia Z. Springer*
Claudia Z. Springer
Chapter 11 Trustee