## EXHIBIT A

Proposed Order

Case 24-11161-JTD    Doc 369-2    Filed 12/04/24    Page 1 of 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>EPIC! CREATIONS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11161 (JTD)<br><br>(Jointly Administered)<br><br>**Re. D.I. ___** |

## ORDER AUTHORIZING THE RETENTION OF SC&H GROUP, INC. TO PROVIDE CONSULTING AND ADVISORY SERVICES FOR THE SALE TRANSACTIONS OF TANGIBLE PLAY, INC. AND NEURON FUEL, INC. AND TANGIBLE PLAY, INC. EFFECTIVE NUNC PRO TUNC AS OF THE ENGAGEMENT DATE

Upon the application (the "Application")[2] of Claudia Z. Springer, as chapter 11 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016 (the "Bankruptcy Rules"), and Local Rule 2014-1, authorizing the Trustee to employ SC&H Group, Inc. ("SC&H") to provide investigative and financial advisory services, effective as of the Engagement Date; and upon the Mann Declaration annexed thereto; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the Mann Declaration, SC&H neither has nor represents any interest materially adverse to the interests of the Debtors' estates, any other parties in interest, or in connection with the Debtors' cases; (d) the Court having determined that SC&H is a "disinterested person" pursuant to § 101(14) of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2] Capitalized terms used but not otherwise defined herein shall have the meeting ascribed to them in the Application.

Bankruptcy Code; and (e) the Court having determined that the legal and factual bases set forth in the Application and the Mann Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**, as set forth herein.

2. The Trustee is hereby authorized to retain and employ SC&H to provide consulting and advisory services pursuant to the Application, sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, effective *nunc pro tunc* as of November 19, 2024.

3. The compensation, fees, and expenses payable to SC&H pursuant to the Engagement Agreement, together with the indemnification and reimbursement of expenses owed under the Engagement Agreement, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code. SC&H shall keep time records in one-hour increments describing their daily activities and the identity of persons who performed such tasks. SC&H will also supplement this information with a list of the non-restructuring professionals who assist the restructuring department on this matter but who do not, as a matter of general practice, keep records in the same manner.

4. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to the compensation, fees, and expenses to be paid to SC&H pursuant to the Application and the Engagement Agreement, including the Monthly Fees and any Transaction Fees, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise

affect the rights of the U.S. Trustee to challenge the reasonableness of SC&H's compensation, fees, and expenses under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or such record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of SC&H's fees.

5. The Trustee is authorized to compensate and reimburse SC&H pursuant to the terms of the Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

6. The indemnification provision set forth in the Engagement Agreement is approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

   a. Subject to the provisions of subparagraphs (b) and (c) below, the Trustee, on behalf of the Debtors, is authorized to indemnify, and shall indemnify, SC&H for any claims arising from, related to, or in connection with the services to be provided by SC&H as specified in the Application, but not for any claim arising from, related to, or in connection with SC&H's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

   b. Neither the Trustee nor the Debtors shall have any obligation to indemnify SC&H for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from SC&H's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to SC&H's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which SC&H is not entitled to receive indemnity under the terms of this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, SC&H believes that it is entitled to the payment of any amounts by the Trustee on behalf of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, SC&H must file an application in this Court, and the Trustee may not pay any such amounts on behalf of the Debtors to

3

        SC&H before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by SC&H for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify SC&H.

7.      SC&H shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals.

8.      If there is any inconsistency between the terms of the Application, the Mann Declaration, and this Order, this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.