**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Jan. 22, 2025, at 10:00 a.m. ET**<br>**Objection Date: Dec. 27, 2024, at 4:00 p.m. ET** |

**CHAPTER 11 TRUSTEE'S MOTION (I) TO APPROVE PERMANENT
REMOVAL OF THE CHAPTER 11 TRUSTEE'S CERTIFICATION OF
DAMAGES AS A RESULT OF THE VIOLATIONS OF THE AUTOMATIC
STAY BY THINK & LEARN LTD., VINAY RAVINDRA, RAJENDRAN
VELLAPALATH, VOIZZIT INFORMATION TECHNOLOGY LLC AND
VOIZZIT TECHNOLOGY PRIVATE LTD; AND (II) FILE UNDER SEAL
CERTAIN EXHIBITS TO THE CHAPTER 11 TRUSTEE'S
CERTIFICATION OF DAMAGES AS A RESULT OF THE VIOLATIONS
OF THE AUTOMATIC STAY BY THINK & LEARN LTD., VINAY
RAVINDRA, RAJENDRAN VELLAPALATH, VOIZZIT INFORMATION
TECHNOLOGY LLC AND VOIZZIT TECHNOLOGY PRIVATE LTD**

Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of the Estates of Epic! Creations, Inc. ("Epic"), Neuron Fuel, Inc. ("Neuron Fuel"), and Tangible Play, Inc. ("Tangible Play," together with Epic and Neuron Fuel, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below.[2]  In support of this Motion, the Trustee respectfully represents as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Trustee requests, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and the DIP Order (defined below), entry of the

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2]     Capitalized terms not defined herein are used as defined in the Motion, which is incorporated herein by reference.

Proposed Order authorizing the Defendants to: (i) file under seal the Confidential Information (as defined below) contained in certain of the exhibits (the "Exhibits") attached to the Certification of Damages (as defined below), (ii) provide unredacted versions of the Exhibits to the Court, the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (iii) and permanently remove certain of the Exhibits from the public docket in connection with the Certification of Damages.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On November 20, 2024, the Court entered the *Final Order (I) Authorizing the Use of Cash Collateral, (II) Authorizing the Chapter 11 Trustee on Behalf of the Debtors' Estates to Obtain Prepetition Financing, (III) Granting Senior Postpetition Security Interests, and According Superpriority Administrative Expense Status Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,*

*and (VI) Granting Related Relief* [D.I. 313] (the "DIP Order").

5.        On November 4, 2024, the Trustee filed the *Trustee's Emergency Motion for Entry of an Order (I) Enforcing the Automatic Stay, (II) Declaring Violations of the Automatic Stay to be Void Ab Initio, (III) Awarding Fees, Expenses, and Punitive Damages, and (IV) Granting Related Relief* [D.I. 244] (the "Apple Accounts Stay Motion").  By the Apple Accounts Stay Motion, the Trustee sought entry of an order declaring that Think & Learn Ltd., Vinay Ravindra, Voizzit Technology  Private Ltd, and Voizzit Information Technology LLC, and those acting in concert with them, including Rajendran Vellapalath, engaged in a willful violation of the automatic stay, that their actions taken were void ab initio, and that the Trustee was entitled to an award of her actual damages, including an award of the attorneys' fees and expenses incurred by the estate and punitive damages.

6.        On November 12, 2024, this Court entered the *Order Granting in Part Trustee's Emergency Motion for Entry of an Order (I) Enforcing the Automatic Stay, (II) Declaring Violations of the Automatic Stay to be Void Ab Initio, (III) Awarding Fees, Expenses, and Punitive Damages, and (IV) Granting Related Relief* [D.I. 276] (the "Stay Violation Order").

7.        On November 26, the Trustee filed the *Chapter 11 Trustee's Emergency Motion for Sanctions Against Voizzit Technology Private, Ltd., Voizzit Information Technology LLC, Vinay Ravindra, Rajendran Vellapalath and Think & Learn Private Ltd. For Their Continuing Failure to Comply With the Automatic Stay* [D.I. 340] (the "Cloudflare Accounts Stay Motion," and together with the Apple Accounts Tay Motion, collectively the "Stay Motions").

8.        On November 21, 2024, and December 3, 2024, this Court received evidence and heard argument on the Stay Motions. At the conclusion of the hearing, the Court directed the Trustee to submit a certification of the damages incurred as a result of the stay violations set forth

in the Stay Motions.

9.      Accordingly, on December 9, 2024, the Trustee filed the *Chapter 11 Trustee's Certification of Damages as a Result of the Violations of the Automatic Stay by Think & Learn LTD., Vinay Ravindra, Rajendran Vellapalath, Voizzit Information Technology LLC and Voizzit Technology Private Ltd.* [D.I. 384] (the "Withdrawn Certification of Damages").

10.      However, such submission was in error and immediately thereafter, on December 9, 2024, the Trustee filed the *Notice of Withdrawal of the Chapter 11 Trustee's Certification of Damages as a Result of the Violations of the Automatic Stay by Think & Learn LTD., Vinay Ravindra, Rajendran Vellapalath, Voizzit Information Technology LLC and Voizzit Technology Private Ltd.* [D.I. 385] and filed the *Chapter 11 Trustee's Certification of Damages as a Result of the Violations of the Automatic Stay by Think & Learn LTD., Vinay Ravindra, Rajendran Vellapalath, Voizzit Information Technology LLC and Voizzit Technology Private Ltd.* [D.I. 386] (the "Certification of Damages") temporarily under seal.

11.      Certain exhibits to the Withdrawn Certification of Damages contained information that was to be sealed pursuant to the DIP Order.  Specifically, Exhibits D through H attached to the Withdrawn Certification of Damages included information that encompasses the Lender Professionals'[3] fee entries of which contained the following confidential information: (i) Kirkland Fees; (ii) Reed Smith Fees; (iii) Pachulski Fees; (iv); Khaitan Fees; and (v) UK Consultant/Investigator Fees (collectively the "Confidential Information").  Absent the relief requested herein, the Trustee would otherwise be required to make the Confidential Information publicly available.

---

[3]      "Lender Professionals" shall include (i) the Kirkland & Ellis LLP ("Kirkland"); (ii) Reed Smith LLP ("Reed Smith"); (iii) Pachulski Stang Ziehl & Jones LLP ("Pachulski"); (iv); Khaitan & Co. ("Khaitan"); and the (v) UK Consultant/Investigator ("UK Consultant").

12. By this Motion, the Trustee requests that the Confidential Information not be disclosed publicly, but instead, that the Trustee only be required to provide Exhibits D through H to the Court, the U.S. Trustee, and any other parties in interest as the Court may order.

13. The Trustee further requests that the Withdrawn Certification of Damages be permanently removed from the public docket in these Chapter 11 Cases.

## BASIS FOR RELIEF

14. Sealing the Confidential Information is appropriate in these particular circumstances specifically by way of the parameters set forth in the DIP Order.

15. Pursuant to Paragraph 18(b) of the DIP Order, the invoiced fees for the Lender Professionals:

> may be redacted *or modified* to the extent necessary to delete any information subject to the attorney-client privilege, any work product doctrine, privilege or protection, common interest doctrine privilege or protection, any other evidentiary privilege or protection recognized under applicable law, or any other confidential information . . . . (emphasis added).

16. Further, section 105(a) of the Bankruptcy Code allows the Court to authorize the parties to file the Confidential Information under seal. Pursuant to section 105(a), bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. Sufficient cause exists here for the Court to grant the relief requested herein, as the DIP Order specifically allows the Lender Professionals to redact and modify their time records, here the modification being the entirety of the exhibit remaining under seal, to remove any information subject to the attorney-client privilege, work product doctrine, or common interest doctrine privilege. The Trustee understands that public disclosure of the Confidential Information, in particular the entries on the Lender Professionals' invoices, would needlessly expose privileged information and

information subject to the work product doctrine. As such, the Confidential Information should be sealed from the public docket.

18.     Further, and in accordance with the DIP Order, the Trustee seeks to permanently remove the Withdrawn Certification of Damages from the public docket. The Withdrawn Certification of Damages contains the Confidential Information which the Trustee is requesting herein to be sealed from the public docket pursuant to the DIP Order. As such, the Withdrawn Certification of Damages should be permanently removed from the public docket.

19.     Accordingly, and by this Motion, the Trustee respectfully requests that the Court (I) permanently remove the Withdrawn Certification of Damages from the docket and (II) seal the Confidential Information in the Certification of Damages from the public docket.

## NOTICE

20.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to GLAS; (iii) counsel to the Petitioning Lenders, and (iv) all parties that, as of the filing of this Motion, have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

21.     No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting (i) the relief requested herein; and (ii) such other and further relief to the Defendants as the Court may deem proper.

Dated: December 12, 2024
       Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Alexis R. Gambale*
Henry J. Jaffe (DE Bar No. 2987)
Joseph C. Barsalona II (DE Bar No. 6102)
Alexis R. Gambale (DE Bar No. 7150)
824 North Market Street
Suite 800
Wilmington, DE 07601
Telephone: (302) 592-6497
Email: hjaffe@pashmanstein.com
      jbarsalona@pashmanstein.com
      agambale@pashmanstein.com

   -and-

**JENNER & BLOCK LLP**
Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Email: csteege@jenner.com
      mroot@jenner.com
      wwilliams@jenner.com

*Counsel to the Trustee*