**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re. D.I. 244, 276, 384 & ___** |

**ORDER AUTHORIZING (I) PERMANENT REMOVAL OF THE CHAPTER 11 TRUSTEE'S CERTIFICATION OF DAMAGES AS A RESULT OF THE VIOLATIONS OF THE AUTOMATIC STAY BY THINK & LEARN LTD., VINAY RAVINDRA, RAJENDRAN VELLAPALATH, VOIZZIT INFORMATION TECHNOLOGY LLC AND VOIZZIT TECHNOLOGY PRIVATE LTD.; AND (II) AUTHORIZING THE TRUSTEE TO FILE UNDER SEAL  CERTAIN EXHIBITS TO THE CHAPTER 11 TRUSTEE'S CERTIFICATION OF DAMAGES AS A RESULT OF THE VIOLATIONS OF THE AUTOMATIC STAY BY THINK & LEARN LTD., VINAY RAVINDRA, RAJENDRAN VELLAPALATH, VOIZZIT INFORMATION TECHNOLOGY LLC AND <u>VOIZZIT TECHNOLOGY PRIVATE LTD.</u>**

Upon the motion (the "<u>Motion</u>")[2] of Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "<u>Trustee</u>") of the Estates of Epic! Creations, Inc. ("<u>Epic</u>"), Neuron Fuel, Inc. ("<u>Neuron Fuel</u>"), and Tangible Play, Inc. ("<u>Tangible Play</u>," together with Epic and Neuron Fuel, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), the Court having reviewed the Motion, and its supporting papers and the arguments of counsel, the Court finds and concludes as follows:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.      The Defendants are authorized to file under seal Exhibits D through H of the Certification of Damages containing the Confidential Information.

3.      The Confidential Information shall remain under seal, and shall not be made available to anyone, except the Trustee shall provide copies of Exhibits D through H of the Certification of Damages to the Court, the U.S. Trustee, and any other parties in interest as may be ordered by the Court.

4.      The Withdrawn Certification of Damages, presently at D.I. 384, shall be permanently removed from the public docket.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.