# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC.,[1] | Case No. 24-11161 (JTD) |
| Debtors. | Hearing Date: February 25, 2025, at 10:00 a.m. (ET)<br>Obj. Deadline: February 7, 2025, at 4:00 p.m. (ET) |

## SUPPLEMENT TO THE FIRST INTERIM FEE APPLICATION OF
## QUINN EMANUEL URQUHART & SULLIVAN, LLP

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), special counsel to Claudia Z. Springer, the Chapter 11 Trustee (the "Trustee") for Epic! Creations, Inc., Neuron Fuel, Inc., and Tangible Play, Inc. (collectively, the "Debtors"), hereby supplements the *Notice of Certain Trustee's Professionals' First Interim Fee Application for the Period September 23, 2024, through November 30, 2024* (D.I. 457) (the "First Interim Application") for the period from September 23, 2024, through November 30, 2024 (the "Application Period") by attaching, as Exhibits A through F hereto, certain schedules requested by the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"). In addition, Quinn Emanuel respectfully states as follows to address the questions set forth under section C.5 of the UST Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**: During the Application Period, Quinn Emanuel agreed to discount the fees in this case by 10%. Each monthly invoice reflects the 10% discount. This is the only variation from its standard or customary billing rates, fees, or terms.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

**Response**: Quinn Emanuel did not have a budget in this case, therefore the question of whether the fees were 10% higher than the fees budget is not applicable.

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: The professionals included in the First Interim Application did not vary their hourly rate based on the geographic location of the bankruptcy cases.

d. Does this fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Response**: The First Interim Application did not include any fees for revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: The time period covered by the First Interim Application includes approximately 0.00 hours with a value of $0.00 spent by Quinn Emanuel to ensure that the time entries subject to the First Interim Application comply with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and do not disclose privileged or confidential information.

f. If the fee application includes any rate increase since retention:

i. Did your client review and approve those rate increases in advance?

ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not to agree to modify rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

**Response**: The First Interim Application does not include any rate increases.

Respectfully submitted this 24th day of January, 2025.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Benjamin I. Finestone*
Benjamin I. Finestone (admitted *pro hac vice*)
295 5th Avenue
New York, New York 10016
Tel.:  (212) 849 7000
benjaminfinestone@quinnemanuel.com

*Special Counsel to the Chapter 11 Trustee*

12013-00001/15550980.1