# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: May 27, 2025 at 4:00 p.m. ET** |

**SEVENTH MONTHLY APPLICATION OF
PASHMAN STEIN WALDER HAYDEN, P.C. AS COUNSEL
TO THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR MONTHLY REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD APRIL 1, 2025, THROUGH AND INCLUDING APRIL 30, 2025**

| | |
|---|---|
| Name of Applicant: | PASHMAN STEIN WALDER HAYDEN, P.C. |
| Authorized to Provide Professional Services to: | Claudia Z. Springer, Esq. as Chapter 11 Trustee |
| Date of Retention: | October 28, 2024 *nunc pro tunc* to September 23, 2024 |
| Monthly Period for which Compensation and reimbursement is sought: | April 1, 2025 through April 30, 2025 |
| Amount of monthly compensation sought as actual, reasonable and necessary: | $97,242.80 (80% of $121,553.50) |
| Amount of monthly expense reimbursement sought as actual, reasonable and necessary: | $397.26 |

This is a __x__ monthly __ final application

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

The total time expended for the fee application preparation is approximately 7.80 hours and the corresponding compensation requested is approximately $3,486.50.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/04/2024 | 09/23/2024-10/31/2024 | $270,382.00/$1,994.83 | $216,305.60/$1,994.83 |
| 12/06/2024 | 11/01/2024-11/30/2024 | $252,359.50/$4,302.11 | $201,887.60/$4,302.11 |
| 01/14/2024 | 12/01/2024-12/31/2024 | $136,971.00/$1,281.41 | $136,971.00/$1,281.41 |
| 01/17/2025 | 09/23/2024-11/30/2024 | $522,741.50/$6,296.94 | $522,741.50/$6,296.94 |
| 02/12/2025 | 01/01/2025-01/31/2025 | $213,176.00/$4,739.03 | $213,176.00/$4,739.03 |
| 03/11/2025 | 02/01/2025-02/28/2025 | $153,526.50/$614.80 | $153,526.50/$614.80 |
| 04/01/2025 | 12/01/2024-02/28/2025 | $503,673.50/$6,635.24 | $503,673.50/$6,635.24 |
| 04/11/2025 | 03/01/2025-03/31/2025 | $154,585.50/$656.97 | $123,668.40/$656.97 |

**MONTHLY COMPENSATION BY PROFESSIONAL**
Epic! Creations, Inc.
(Case No. 24-11161 (BLS))
April 1, 2025 through April 30, 2025

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John W. Weiss | Partner /Bankruptcy.  Joined the firm as a partner in 2022. Member of the NJ Bar since 2001.  Member of the NY Bar since 2004.  Member of the PA Bar since 2001. Member of the DE Bar since 2001 | $980.00 | 0.90 | $882.00 |
| Henry J. Jaffe | Partner/Bankruptcy.  Joined the firm as a partner in 2023.  Member of the DE Bar since 1991.  Member of the PA bar since 1995. | $980.00 | 15.00 | $14,700.00 |
| Joseph C. Barsalona II | Partner /Bankruptcy.  Joined the firm as a partner in 2022. Member of the NJ Bar since 2012.  Member of the NY Bar since 2013.  Member of the DE Bar since 2015. | $695.00 | 57.30 | $39,823.50 |
| David E. Sklar | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the NJ Bar since 2013.  Member of the NY Bar since 2014. | $545.00 | 3.50 | $1,907.50 |
| Alexis R. Gambale | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the DE Bar since 2023. Member of the PA Bar since 2022.  Member of the NJ Bar since 2021. | $485.00 | 57.40 | $27,839.00 |
| Katherine R. Beilin | Associate/Bankruptcy.  Joined the firm as an associate in 2022.  Member of the NJ Bar since 2021. | $485.00 | 28.10 | $13,628.50 |
| Dwij Patel | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the NJ Bar since 2024.  Member of the NY Bar since 2022. | $465.00 | 3.20 | $1,488.00 |
| Leslie Salcedo | Paralegal | $430.00 | 49.50 | $21,285.00 |
| **Total** | | | **214.90** | **$121,553.50** |

| **GRAND TOTAL: $121,553.50** |
|---|
| **BLENDED RATE: $565.63** |
| **ATTORNEY BLENDED RATE: $606.22** |

**MONTHLY COMPENSATION BY PROJECT CATEGORY**
Epic! Creations, Inc.
(Case No. 24-11161 (BLS))
April 1, 2025 through April 30, 2025

| Category Description | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.50 | $1,193.00 |
| Asset Analysis and Recovery | 3.60 | $2,502.00 |
| Asset Disposition | 37.20 | $21,686.50 |
| Meeting of and Communication with Creditors | 2.60 | $1,284.50 |
| Fee/Employment Applications | 56.50 | $27,054.50 |
| Fee/Employment Objections | 6.60 | $3,503.00 |
| Assumption/Rejection of Leases and Contracts | 17.10 | $8,992.50 |
| Other Contested Matters | 35.10 | $21,038.50 |
| Financing/Cash Collections | 0.70 | $423.50 |
| Claims Administration and Objections | 9.60 | $5,394.50 |
| General Bankruptcy Advice/Opinion | 42.70 | $27,994.50 |
| Trial and Hearing Attendance | 0.70 | $486.50 |
| **TOTAL** | **214.90** | **$121,553.50** |

**MONTHLY EXPENSE SUMMARY**
Epic! Creations, Inc.
(Case No. 24-11161 (BLS))
April 1, 2025 through April 30, 2025

| Expense Category | Total Expenses |
|---|---|
| Litigation Support Vendors | $397.26 |
| **TOTAL** | **$ 397.26** |

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: May 27, 2025 at 4:00 p.m. ET** |

**SEVENTH MONTHLY APPLICATION OF
PASHMAN STEIN WALDER HAYDEN, P.C. AS COUNSEL
TO THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR MONTHLY REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD APRIL 1, 2025, THROUGH AND INCLUDING APRIL 30, 2025**

Pashman Stein Walder Hayden, P.C. ("Pashman"), counsel to Claudia Z. Springer, Esq., in her capacity as Chapter 11 Trustee (the "Trustee") of Epic! Creations, Inc. ("Epic"), Neuron Fuel, Inc. ("Neuron Fuel"), and Tangible Play, Inc. ("Tangible Play," together with Epic and Neuron Fuel, collectively the "Debtors"), submits this application (the "Application") for monthly allowance of compensation for professional services rendered by Pashman to the Trustee for the period April 1, 2025, through April 30, 2025 (the "Application Period") reimbursement of actual and necessary expenses incurred by Pashman during the Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

30, 1996 (the "U.S. Trustee Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 218] (the "Interim Compensation Procedures Order").[2] In support of this Application, Pashman represents as follows:

## JURISDICTION

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012* (the "Standing Order"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.  On June 4-5, 2024 (the "Petition Date"), GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("GLAS") under the November 24, 2021 Credit and Guaranty Agreement (the "Credit Agreement") and certain other lenders under the Credit Agreement (each a "Petitioning Lender Creditor" and collectively, the "Petitioning Lender Creditors") filed involuntary petitions under chapter 11 of the Bankruptcy Code in this Court against the Debtors.

3.  On September 16, 2024, this Court entered an Order for Relief in Involuntary Cases and Appointing Chapter 11 Trustee [D.I. 147]. On September 23, 2024 (the "Appointment Date"), the United States Trustee ("UST") filed an *Application for Entry of An Order Approving the Appointment of Claudia Z. Springer, Esq. as Chapter 11 Trustee* [D.I. 151] and filed a Notice of Appointment appointing Claudia Z. Springer, Esq. as Trustee of the Debtors [D.I. 152]. Since that

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Procedures Order.

2

time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in these Chapter 11 Cases.

4.      A more detailed description of the background of the Debtors and these Chapter 11 Cases is set forth in the *Declaration of Claudia Z. Springer in Support of First Day Motions*. [D.I. 193].

## PASHMAN'S RETENTION

5.      The Trustee engaged Pashman as Delaware counsel to the Trustee in connection with these bankruptcy cases.  On October 28, 2024, this Court entered the *Order Under Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Trustee* Nunc Pro Tunc *to the Appointment Date* [D.I. 211].

## FEE PROCEDURES ORDER

6.      On October 28, 2024, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.      In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a Monthly Fee Application with the Court each month following the month or months for which compensation is sought.  Provided that there are no objections to such Monthly Fee Application filed within twenty-one (21) days after the service of a Monthly Fee Application, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay eighty

3

percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection.

**RELIEF REQUESTED**

8. Pashman submits this Application for (a) allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for the Trustee in these cases for the period from April 1, 2025, through April 30, 2025 and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Trustee during the same period.

9. During the period covered by this Application, Pashman incurred fees in the amount of $121,553.50. For the same period, Pashman incurred actual, reasonable and necessary expenses totaling $397.26. With respect to these amounts, as of the date of this Application, Pashman has received no payments. Pashman's fees for the Application Period are based on the customary compensation charged by comparably skilled professionals in other cases under Title 11.

10. Set forth in the foregoing "Compensation Detail" is a summary of the time expended by timekeepers billing time to these cases.

11. **Exhibit A** attached hereto contains logs which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12. Pashman does not charge for outgoing domestic facsimiles and does not charge for incoming facsimiles.

13. In accordance with Local Rule 2016-1, Pashman has reduced its request for compensation for non-working travel, if any, to fifty percent (50%) of its normal rate.

14. Pashman has endeavored to represent the Trustee in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Pashman so that work has been performed by those most familiar with the particular matter

4

or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Pashman has endeavored to coordinate with the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Trustee. We believe we have been successful in this regard.

15. No agreement or understanding exists between Pashman and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies, to the best of the undersigned's information, knowledge and belief, that this Application complies with that Rule.

**WHEREFORE**, Pashman respectfully requests that this Court: (a) allow Pashman (i) monthly compensation in the amount of $121,553.50 for actual, reasonable and necessary professional services rendered on behalf of the Trustee during the period April 1, 2025 through April 30, 2025, and (ii) monthly reimbursement in the amount of $397.26 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Pashman the amount of $97,640.06 (which is equal to the sum of eighty percent (80%) of Pashman's requested compensation of $97,242.80, plus one hundred percent (100%) of Pashman's requested expenses of $397.26); and (c) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 6, 2025<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.C.**<br><br>*/s/ Alexis R. Gambale*<br>Henry J. Jaffe (No. 2987)<br>Joseph C. Barsalona II (No. 6102)<br>Alexis R. Gambale (No. 7150)<br>824 N. Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6496<br>Email: hjaffe@pashmanstein.com<br>          jbarsalona@pashmanstein.com<br>          agambale@pashmanstein.com<br><br>-and-<br><br>**JENNER & BLOCK LLP**<br>Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>William A. Williams (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>Telephone: (312) 923-2952<br>Email: csteege@jenner.com<br>          mroot@jenner.com<br>          wwilliams@jenner.com<br><br>*Co-counsel to the Trustee* |