**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |

**FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT SUMMARY**

YOU ARE RECEIVING THIS FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT SUMMARY BECAUSE YOU ARE NOT ENTITLED TO VOTE ON THE COMBINED PLAN AND DISCLOSURE STATEMENT.[2] Holders of Unimpaired Claims in Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) will be paid in full and are presumed to accept the Plan. Holders of Claims or Interests in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), Class 6 (510(b) Claims), and Class 7 (Interests) for each of the Debtors are deemed to reject the Plan and are not entitled to vote.

**IF YOU WOULD LIKE TO REVIEW THE COMBINED PLAN AND DISCLOSURE STATEMENT**, this document can be obtained free of charge at the Case Information Website maintained by Verita Global, at https://www.veritaglobal.net/epiccreations. The Plan Supplement will be filed no later than September 2, 2025 and will also be available on the Case Information Website. Copies of the Combined Plan and Disclosure Statement are also available for a fee on the Court's website, www.deb.uscourts.gov (a PACER account is required).

**THE FOLLOWING IS A SUMMARY OF THE KEY TERMS OF THE PLAN:**

1. **Case Background.** On June 4 and 5, 2024, certain creditors filed involuntary chapter 11 petitions against Epic! Creations Inc. n/k/a Saga Formations, Inc., Neuron Fuel, Inc. n/k/a Pajeau, Inc. and Tangible Play, Inc. (the "**Debtors**"). On September 16, 2024, the Bankruptcy Court entered orders for relief against each of the Debtors and directed the appointment of a chapter 11 Trustee for all three Debtors. On September 23, 2024, the United States Trustee appointed Claudia Z. Springer as the chapter 11 Trustee. Following her appointment, the Chapter 11 Trustee marketed the assets of all three debtors and on May 20, 2025, the Bankruptcy Court approved the sales of substantially all of the assets of Epic! Creations Inc. and Neuron Fuel, Inc. As a result of those sales, those Debtors were required to change their names.

2. **Treatment of Claims**. Prior to the bankruptcy filings, between 2019 and 2021, Think & Learn Pvt. Ltd. d/b/a BYJU's ("**T&L**") acquired each of the Debtors. T&L is currently in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. (9113); Pajeau, Inc. (8758); and Tangible Play, Inc. (9331).

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

its own insolvency proceedings in India. In 2021, each of the Debtors guaranteed a loan made to a T&L affiliate, BYJU's Alpha, and pledged substantially all of their assets to secure the guarantees. As of June 4, 2024, GLAS Trust Company LLC, in its capacity as the Prepetition Administrative Agent and Prepetition Collateral Agent ("**GLAS**") was owed $1,493,997,189.00. Because all of the Debtors' remaining assets are subject to GLAS's liens and those assets are worth less than the approximate $1.5 billion owed to the Prepetition Term Loan Lenders that hold Prepetition Term Loan Claims under the GLAS loan facility, creditors holding claims in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 6 (510(b) Claims), or interests in Class 7 (Interests) will not receive any recovery under the Plan. The Claims of the Prepetition Term Loan Lenders are classified in Class 3. The Chapter 11 Trustee projects that the Prepetition Term Loan Lenders will receive recoveries that range between two and five per cent of the amount of their Claims.

3.   **Release, Injunction, and Exculpation**. The Combined Plan and Disclosure Statement contain the following release, injunction, and exculpation provisions:

   A.   **Exculpation**

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, none of the Exculpated Parties shall have or incur any liability for any Exculpated Claim, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Cases, including, without limitation (1) the negotiation, formulation, or preparation of the Combined Plan and Disclosure Statement or any contract, instrument, document, or other agreement entered into pursuant thereto, (2) any Distributions made pursuant to or in accordance with the Combined Plan and Disclosure Statement, (3) the exercise of their respective business judgment and the performance of their respective fiduciary obligations, (4) the administration of the Estates, (5) the pursuit of confirmation of the Plan, and (6) the Sale Transactions; *provided* that the foregoing shall not affect the liability of any Person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, actual fraud, or gross negligence. The Bankruptcy Court shall act as a gate-keeper with respect to any Claim or Cause of Action that any Person wants to bring against an Exculpated Party and the provisions of *Barton v. Barbour,* 104 U.S. 126 (1881), shall apply to require prior Bankruptcy Court approval before any such Claim or Cause of Action may be brought. Notwithstanding anything to the contrary contained herein, nothing in this Article X.A shall release or exculpate any Exculpated Party for any act or omission arising before the Petition Date or after the Effective Date.

"**Exculpated Parties**" means (i) the Chapter 11 Trustee and her Related Parties, including the Estate Professionals; and (ii) the Consumer Privacy Ombudsman.

"**Estate Professionals**" means Jenner & Block LLP, Pashman Stein Walder Hayden, P.C., Quinn Emanuel Urqhart & Sullivan LLP, The Law Offices of Panag & Babu, Novo Advisors LLC, FTI Consulting, Inc., Moelis & Company LLC, SC&H Group, Inc., and Kurtzman Carson Consultants LLC d/b/a Verita Global.

"**Related Party**" means, each of, and in each case in its capacity as such, current and former directors, managers, officers, investment committee members, special or other committee members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees, each in their capacities solely as such.

### B.    Plan Injunction

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Chapter 11 Trustee, the Estates, the Debtors, the Wind-Down Debtors, the Plan Administrator, or the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests unless such entity has timely filed a Proof of Claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; *provided* that the foregoing injunction does not enjoin any actions to enforce obligations arising on or after the Effective Date under the Plan or any document, instrument, or agreement executed to implement the Plan.

### C.    Injunction Related to Releases and Exculpation

To the maximum extent permitted under applicable Law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including, without limitation, the Causes of Action released or exculpated in this Plan.

### D. Debtors' and Estates' Releases

Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby deemed to be, conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their Estates, the Chapter 11 Trustee, and the Wind-Down Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, and Causes of Action, including any derivative claims asserted by or assertable on behalf of any of the Debtors, their Estates, the Chapter 11 Trustee, or the Wind-Down Debtors, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, contingent or noncontingent, accrued or unaccrued, existing or hereafter arising, in law (or any applicable rule, statute, regulation, treaty, right, duty, or requirement), equity, contract, tort, or otherwise that the Chapter 11 Trustee, the Debtors, their Estates, or the Wind-Down Debtors would have been legally entitled to assert in their own right or otherwise (whether individually or collectively) or on behalf of the Holder of any Claim or Interest based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the purchase, sale, amendment, or rescission of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Chapter 11 Cases and any related adversary proceedings, intercompany transactions between or among each Debtor, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or Filing of, as applicable, the Disclosure Statement, the Plan Administrator Agreement, the Sale Transactions, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities and any beneficial trust interests pursuant to the Plan, or the distribution of property under the Plan (including the Retained Assets and Distributable Proceeds) or any other related agreement, or upon any act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising on or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Claims or Causes of Action included in the Schedule of Retained Causes of Action, or (c) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted