IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re. D.I. 878, 890 & 891** |

**AGREED ORDER RESOLVING AERONET WORLDWIDE, INC'S (I) LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO TRUSTEE'S FIRST NOTICE OF SATISFACTION OF CERTAIN FULLY SATISFIED CLAIMS (DKT. 878), AND (II) MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM, AND RESERVATION OF RIGHTS**

This matter having come before the Court on the (i) *Limited Objection and Reservation of Rights in Response to Trustee's First Notice of Satisfaction of Certain Fully Satisfied Claims (Dkt. 878)* [D.I. 890] ("Aeronet Objection") and (ii) *Motion for Payment of Administrative Expense Claim, and Reservation of Rights* [D.I. 891] ("Aeronet's Administrative Claim Motion") filed by Aeronet Worldwide Inc.'s ("Aeronet"), and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O); and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that all of the requirements of section 503(b) of title 11 of the United States Code, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware have been satisfied; and Chapter 11 Trustee Claudia Z. Springer (the "Trustee") of the estates of Saga Formations, Inc. ("Saga"), Pajeau, Inc. ("Pajeau"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. (9113); Pajeau, Inc. (8758); and Tangible Play, Inc. (9331).

Tangible Play, Inc. ("Tangible Play," together with Saga and Pajeau, collectively the "Debtors" and, each, a "Debtor") having agreed to resolve both the Aeronet Administrative Claim Motion and Aeronet Objection on the terms set forth herein; and after due deliberation and sufficient good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Aeronet Administrative Claim Motion is **GRANTED** as expressly set forth herein.

2. Aeronet is allowed an administrative expense claim against the estate of Tangible Play in the amount of $150,000.00 (the "Allowed Aeronet Administrative Claim").

3. The Trustee shall pay the Allowed Aeronet Administrative Claim in full within four (4) business days after entry of this Order.

4. Upon the payment of the Allowed Aeronet Administrative Claim: (a) Aeronet, on behalf of itself and its respective successors, assigns, representatives, and any and all other entities who may purport to assert any claim or causes of action against the Trustee, the Debtors, or the Debtors' estates, shall be deemed to have fully and finally released and extinguished any claims, debts, judgments, awards, liens, and causes of action that they may hold against any of the Trustee, the Debtors, or the Debtors' estates, (but preserving any and all rights, claims remedies previously released with respect to any property in its possession having previously been abandoned to Aeronet by virtue of prior Orders of this Court and) whether known or unknown, asserted or unasserted (including, without limitation, the claims asserted by Aeronet in Claim No. 168 and any claims relating thereto); and (b) the Trustee, on behalf of each of the Debtors' estates, shall be deemed to have fully and finally released any and all claims, debts, judgments, awards, liens, and causes of action against Aeronet, whether known or unknown, asserted or unasserted.

5. Upon the payment of the Allowed Aeronet Administrative Claim, the Aeronet Objection shall be deemed moot and withdrawn.

6. This Order shall be effective immediately upon entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 8th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE