IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re. D.I. 876 |

### AGREED ORDER RESOLVING HIS MAJESTY THE KING IN RIGHT OF THE PROVINCE OF BRITISH COLUMBIA OBJECTION TO TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS

This Order resolves the unfiled *Response by His Majesty the King in Right of the Province of British Columbia* ("British Columbia") *to the Trustee's Second Omnibus Objection to Claims* ("British Columbia's Objection"), and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O); and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that all of the requirements of section 503(b) of title 11 of the United States Code, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware have been satisfied; and Chapter 11 Trustee Claudia Z. Springer (the "Trustee") of the estates of Saga Formations, Inc. ("Saga"), Pajeau, Inc. ("Pajeau"), and Tangible Play, Inc. ("Tangible Play," together with Saga and Pajeau, collectively the "Debtors" and, each, a "Debtor") having agreed to resolve British Columbia's Objection on the terms set forth herein;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. (9113); Pajeau, Inc. (8758); and Tangible Play, Inc. (9331).

and after due deliberation and sufficient good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. British Columbia is allowed a priority tax claim against the estate of Saga in the amount of $9,934.88, owed in relation to unremitted Provincial Sales Tax pursuant to the *Provincial Sales Tax Act*, S.B.C. 2012, c. 35 (the "Allowed British Columbia Tax Claim").

2. British Columbia, on behalf of itself and its respective successors, assigns, representatives, and any and all other entities who may purport to assert any claim or causes of action against the Trustee, the Debtors, or the Debtors' estates, shall be deemed to have fully and finally released and extinguished any claims, debts, judgments, awards, liens, and causes of action that they may hold against any of the Trustee, the Debtors, or the Debtors' estates, whether known or unknown, asserted or unasserted (including, without limitation, the claims asserted by British Columbia in Claim No. 207 and any claims relating thereto); and the Trustee, on behalf of each of the Debtors' estates, shall be deemed to have fully and finally released any and all claims, debts, judgments, awards, liens, and causes of action against British Columbia, whether known or unknown, asserted or unasserted.

3. Upon the entry of this Order, British Columbia's Objection shall be deemed moot and withdrawn.

4. This Order shall be effective immediately upon entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 16th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE