IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[1] | Case No. 24-11161 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re. D.I. 876 |

### AGREED ORDER ALLOWING
### OHIO DEPARTMENT OF TAXATION CLAIMS

This Order resolves certain Ohio Department of Taxation ("Ohio") claims filed in these Chapter 11 Cases and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O); and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that all of the requirements of section 503(b) of title 11 of the United States Code, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware have been satisfied; and Chapter 11 Trustee Claudia Z. Springer (the "Trustee") of the estates of Saga Formations, Inc. ("Saga"), Pajeau, Inc. ("Pajeau"), and Tangible Play, Inc. ("Tangible Play," together with Saga and Pajeau, collectively the "Debtors" and, each, a "Debtor") having agreed to resolve Ohio's claims in these Chapter 11 Cases on the terms set forth herein; and after due deliberation and sufficient good cause appearing therefor, it is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. (9113); Pajeau, Inc. (8758); and Tangible Play, Inc. (9331).

**HEREBY ORDERED THAT**:

1. Ohio is allowed a priority claim against the estate of Tangible Play in the amount of $5,927.30 (the "Allowed Ohio Priority Claim").

2. As a result of the Allowed Ohio Priority Claim: (a) Ohio, on behalf of itself and its respective successors, assigns, representatives, and any and all other entities who may purport to assert any claim or causes of action against the Trustee, the Debtors, or the Debtors' estates, shall be deemed to have fully and finally released and extinguished any claims, debts, judgments, awards, liens, and causes of action that they may hold against any of the Trustee, the Debtors, or the Debtors' estates, whether known or unknown, asserted or unasserted (including, without limitation, the claims asserted by Ohio in Claims Nos. 113 and 234 and any claims relating thereto); and (b) the Trustee, on behalf of each of the Debtors' estates, shall be deemed to have fully and finally released any and all claims, debts, judgments, awards, liens, and causes of action against Ohio, whether known or unknown, asserted or unasserted.

3. As a result of this Order, Claims Nos. 113 and 234 are hereby withdrawn.

4. This Order shall be effective immediately upon entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: October 17th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE