# <u>Exhibit E</u>
# Notice of Rule 2004 Examination to the Banks

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[14] | ) | Case No. 24-11161 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF RULE 2004 EXAMINATION**

**To:**
[•]

**PLEASE TAKE NOTICE** that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the District of Delaware (the "Local Rules"), Timothy Pohl, in his sole capacity as the plan administrator (the "Plan Administrator") for the above-captioned post-effective date debtors (the "Debtors"), hereby serves this notice of Rule 2004 Examination (the "Examination").

**PLEASE TAKE NOTICE** that [•] is directed to produce the original, or a copy of, all Documents and Communications responsive to the Requests for Production listed in **Exhibit A** hereto to the undersigned counsel at the offices of **Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801**, or at such other mutually-agreeable location.

[14] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. f/k/a Epic Creations, Inc. (9113), Pajeau, Inc. f/k/a Neuron Fuel, Inc. (8758), and Tangible Play, Inc. (9331).

The documents should be produced on a rolling basis to begin as soon as feasible and to be completed on or before [•].

Dated: [•], 2026
Wilmington, Delaware

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted *pro hac vice*)
Kate Scherling (admitted pro hac vice)
Benjamin Finestone (admitted *pro hac vice*)
Daniel Holzman (admitted *pro hac vice*)
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
susheelkirpalani@quinnemanuel.com
katescherling@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com

*Counsel for the Plan Administrator*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com

*Counsel for the Plan Administrator*

**EXHIBIT A**
**DEFINITIONS**

1. The term "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents. A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication included or was directed to any other person.

2. The term "Debtors" shall mean the Debtors, Saga Formations, Inc. f/k/a Epic Creations, Inc., Pajeau, Inc. f/k/a Neuron Fuel, Inc., and Tangible Play, Inc., and any of its directors, officers, consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

3. The term "Document" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, messages from messaging platforms (including WhatsApp, Teams, Skype, GoogleChat), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation,

hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

4. The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity. Person also includes Your directors, officers, consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

5. The term "You" and "Your" shall refer to the Person responding to these discovery requests.

6. Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

7. The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

**INSTRUCTIONS**

1. You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2. Electronically stored information ("ESI") should be produced in its native format, and all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be preserved and produced.

3. You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive.

4. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

5. If You object to part of a request, You must state the basis of Your objection, and produce all Documents called for by the portion of the request to which You do not object.

6. If there are no Documents responsive to any particular Document request, the response shall state so in writing.

7. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these requests, then for each such Document, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

8. The fact that a Document is or has been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

9. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production. Such supplemental Documents must be produced promptly upon discovery. The Plan Administrator specifically reserves the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

10. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

11. Unless otherwise stated in a specific request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period of November 24, 2021 through the present.

## REQUESTS FOR PRODUCTION

1. **Account Statements**. All Documents concerning all bank account activity, including incoming and outgoing transfers, receipts, payments, and account balances for the following account numbers and routing numbers:

| **Routing Number** | **Account Number** |
|---|---|
| [•] | [•] |

2. **Activity Reports**. All Documents and Communications concerning disputed charges, reports of disputed charges, reversals of disputed charges, and settlements of disputed charges.

3. **Agreements**. All agreements between You and the Debtors.

4. **Books and Records**. All books and records of the Debtors in Your possession.