**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SAGA FORMATIONS, INC., *et al.*,[1] | ) | Case No. 24-11161 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No.: 1204** |

**ORDER DIRECTING THE PRODUCTION OF DOCUMENTS AND EXAMINATION OF THE DEBTORS' BANKS AND MCA LENDERS PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1**

Upon consideration of the motion (the "Motion")[2] of the Plan Administrator for the above-captioned post-effective date debtors (the "Debtors"), for entry of this order (this "Order"), pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, directing the requested production of documents and examinations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Saga Formations, Inc. f/k/a Epic Creations, Inc. (9113), Pajeau, Inc. f/k/a Neuron Fuel, Inc. (8758), and Tangible Play, Inc. (9331).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Plan Administrator is authorized to issue subpoenas substantially in the form attached as Exhibit D to the Motion to the MCA Lenders and subpoenas substantially in the form attached as Exhibit E to the Motion to the Banks pursuant to Rule 2004 and Local Rule 2004-1. A list of the applicable MCA Lenders and Banks (collectively, the "Transaction Participants")[3] is attached hereto as **Exhibit 1**.

3. The Transaction Participants are directed to (i) produce documents in response to the document requests in the subpoenas within fourteen (14) days of the service of the subpoenas and/or (ii) appear for oral examination and provide testimonies on topics set forth in the subpoenas, upon reasonable notice and, absent other agreement with the Plan Administrator, in no event more than twenty-one (21) days from the date of the service of the subpoenas.

4. The Transaction Participants must comply with the aforementioned deadlines and participate in good faith in the requested discovery.

5. The Plan Administrator may serve, in due course, pursuant to Bankruptcy Rule 2004, such additional discovery requests, including follow-up requests and oral examinations, as to the same subject matters, upon the Transaction Participants.

[3] For the avoidance of doubt, Shift Capital is not an MCA Lender or a Transaction Participant under this Order.

6. Notwithstanding anything herein to the contrary, the Motion is adjourned as to Shift Capital to a date to be determined. Nothing herein shall prejudice, waive, or otherwise affect the rights of the Plan Administrator or Shift Capital concerning the relief requested in the Motion, all of which rights are expressly reserved.

7. This Order is without prejudice to the right of the Plan Administrator to seek further discovery of any other entity.

8. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: August 27th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**