**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SAGA FORMATIONS, INC.,[1] | Case No. 24-11161 (BLS) |
| Debtor. | **Hearing Date: TBD**<br>**Objection Deadline: October 14, 2026** |
| | **Docket Ref No: 1222** |

**PLAN ADMINISTRATOR'S MOTION FOR AN ORDER**
**(I) AUTHORIZING THE FILING UNDER SEAL OF CERTAIN**
**CONFIDENTIAL INFORMATION AND (II) GRANTING RELATED RELIEF**

Timothy Pohl, in his sole capacity as the plan administrator (the "Plan Administrator") for the above-captioned post-effective date debtor and certain debtor affiliates (the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the filing under seal of confidential information and granting related relief. In support of this Motion, the Plan Administrator respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of

[1] The last four digits of Saga Formations, Inc. f/k/a Epic Creations, Inc. federal tax identification number are 9113. In addition to the foregoing Debtor, the "Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/epiccreations. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Saga Formations, Inc., Case No. 24 11161 (BLS).

February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

**BACKGROUND[2]**

4. On July 23, 2026, the Plan Administrator filed the *Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Production of Documents and the Examination of the Debtors' Banks and MCA Lenders* [Docket No. 1204] (the "Rule 2004 Motion").

5. On September 1, 2026, Shift filed *Shift Capital, Inc.'s Objection to the Plan Administrator's Motion Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Directing the Production of Documents and Examination of Debtors' Banks and MCA Lenders* [Docket No. 1213].

[2] Additional information regarding the Debtors' chapter 11 cases is set forth in the Rule 2004 Motion.

6. On September 25, 2026, the Plan Administrator filed his *Reply in Support of Plan Administrator's Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Production of Document and the Examination of the Debtors' Bank and MCA Lenders* [Docket No. 1222] (the "Reply"). The Reply was filed under seal.

7. Attached as Exhibit B to the Reply is the Merchant Cash Advance agreement between Shift and Debtor, Tangible Play (the "Agreement").

8. The Agreement contains confidential and commercially sensitive information (the "Confidential Information"), including tax identification numbers, social security numbers, and nonpublic banking information, including account numbers, routing numbers, and other financial account identifiers.

## RELIEF REQUESTED

9. The Plan Administrator seeks entry of the Proposed Order authorizing the Confidential Information in Exhibit B to the Reply to be filed under seal.

## BASIS FOR RELIEF

10. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" 11 U.S.C. § 105(a).

11. Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b). Additionally, Section 107(c) of the Bankruptcy Code provides that the Court may protect an individual's "means of identification," as defined in 18 U.S.C. 1028(d)[3], "to the extent that the court finds that the disclosure of such information would create undue risk of identity theft or other unlawful injury[.]" 11 U.S.C. § 107(c).

12. Sections 107(b) and (c) create an exception to the general rule that documents filed in chapter 11 cases are public records open to examination and protect entities from any potential harm that may be caused by the disclosure of certain confidential or commercial information.

13. Bankruptcy Rule 9018 establishes the procedures by which a party may seek relief to file a document under seal. Specifically, Bankruptcy Rule 9018 states:

> On motion or on its own, the court may, with or without notice, issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information;

Fed. R. Bankr. P. 9018.

14. Further, Rule 9018-1(d) of the Local Rules provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief[.]" Del. Bankr. L.R. 9018-1(d)(i).

---

[3] The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

(a) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(b) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(c) unique electronic identification number, address, or routing code; or

(d) telecommunication identifying information or access device (as defined in section 1029(e));

18 U.S.C. 1028(d).

15. Here, the Confidential Information the Plan Administrator seeks to seal contains both commercial information and personally identifying information, the public disclosure of which could harm commercial interests and compromise individual privacy.

16. In light of the risks associated with the public disclosure of personal information, courts in this District have recognized the need to protect information that could identify individual persons. In *In re FTX Trading Ltd.*, Judge Dorsey, referring to the definition of "means of identification" under 18 U.S.C. § 1028(d), as incorporated by Bankruptcy Code section 107(c), observed that the statute encompasses "names, numbers, or any combination" thereof that could be used to identify an individual. As Judge Dorsey explained, "the Criminal Code recognizes that disclosure of a name could result in the identification of an individual and if that individual needs protecting, we need to make sure that that is happening." *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 13, 2023), D.I. 489 (Jan. 11, 2023 Hr'g Tr. at 103:24-104:5); *see also In re Endo Int'l plc*, No. 22-22549 (JLG), 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022) (authorizing the redaction of creditors' names and other identifying information and recognizing that "identity theft is a world-wide problem"). Accordingly, courts have consistently recognized that protecting personally identifying information from public disclosure serves an important privacy interest and is appropriate under section 107(c) of the Bankruptcy Code.

17. Courts in this district have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27–28 (2d. Cir. 1994)); *In re Muma Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information need not rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g., Orion Pictures*, 21 F.3d at 28 ("[C]ourts interpreting section 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

18. Once a Court determines that an interested party is requesting to seal or redact information covered by section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Id.* at 27 (emphasis in original). The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

19. Sufficient grounds exist for the Court to grant the relief requested herein. The Plan Administrator submits that the Confidential Information should be kept confidential because such information constitutes "commercial information" within the meaning of 107(b) of the Bankruptcy Code and "means of identification" within the meaning of section 107(c) of the Bankruptcy Code and 18 U.S.C. 1028(d). The Confidential Information contains tax identification numbers, social security numbers, and nonpublic banking information, including account numbers, routing numbers, and other financial identifiers. Disclosure of the Confidential Information could expose sensitive personal and financial information and would serve no legitimate public purpose.

20. Recognizing that both transparency and public scrutiny are key elements of the bankruptcy process, the Plan Administrator seeks only to redact the Confidential Information. The

proposed redactions are necessary to protect personal information and nonpublic banking information, both of which could be used unlawfully if exposed.

21. The Plan Administrator respectfully requests that the Court permit him to file the Confidential Information under seal, thereby preventing potential harm that could arise from disclosing the Confidential Information.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1

22. The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(ii), that counsel for the Plan Administrator has conferred with counsel for Shift and has reached agreement concerning the information in the Reply that must remain sealed from public view. Additionally, in accordance with Local Rule 9018-1(d)(i), the Plan Administrator has filed with the Court a publicly viewable redacted form of the Reply contemporaneously herewith.

## NOTICE

23. The Plan Administrator will provide notice of this motion to: (a) counsel to Shift; and (b) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is necessary.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order.

Dated: September 30, 2026
Wilmington, Delaware

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted *pro hac vice*)
Kate Scherling (admitted pro hac vice)
Benjamin Finestone (admitted *pro hac vice*)
Daniel Holzman (admitted *pro hac vice*)
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
susheelkirpalani@quinnemanuel.com
katescherling@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com

*Counsel for the Plan Administrator*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Katherine Majewski*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Katherine Majewski (Del No. 7623)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
kmajewski@ycst.com

*Counsel for the Plan Administrator*